**STEVEN R. KIERSH
ATTORNEY AT LAW
5335 WISCONSIN AVENUE, N.W.
SUITE 440
WASHINGTON, D.C. 20015**
skiersh@aol.com
**(202) 347-0200**

February 15, 2021

**Via electronic mail and regular mail**

Candice Wong, Esquire
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530

Re:   ***United States v. John Sullivan***
            **21-cr-78**

Dear Ms. Wong:

  I am writing to memorialize my initial discovery requests pursuant to Federal Rule of Criminal Procedure 16 and established precedent from this jurisdiction and the United States Supreme Court. If I do not hear back from you by March 1, 2021, I will assume all representations made in this letter are accurate and that any requested materials that have not been provided do not exist, and I will prepare for trial accordingly.

  If the requested materials exist but the government declines to provide them based on a theory that they are not discoverable, please let me know immediately so I may file appropriate motions in a timely manner. In connection with the following requests, I additionally request the government take steps immediately to preserve any and all evidence to which Mr. Sullivan and I are entitled access to under Rule 16, Brady, or any other applicable law.

**Eyewitness to the Incident**

1

I request the names and contact information of all eyewitnesses to the alleged incident. The primary basis for this request is my client's well-settled constitutional guarantees to due process, a fair trial, confrontation of government witnesses, and effective assistance of counsel. In Gregory v. United States, 369 F.2d 185, 188 (D.C. 1966): it was held that "Witnesses, particularly eyewitnesses, to a crime are the property of neither the prosecution nor the defense. Both sides have an equal right and should have an equal opportunity, to interview witnesses" to an alleged crime. Moreover, interviews of such witnesses are likely to produce evidence that comes within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). In other words, such witnesses will likely have some information that is either directly exculpatory for my client or diminishes the witnesses' own credibility and reliability. Defense attempts to interview these witnesses are also germane to constitutional issues that may arise with regard to their participation in identification procedures. Counsel for Mr. Sullivan cannot adequately confront the testimony of these witnesses without the opportunity to interview them and use the information from the interviews to fully investigate the case.

If you believe that identification of government witnesses raises legitimate safety and security concerns, please advise me of such so we can craft a protective order to address these concerns. If you are not willing to disclose the names of witnesses, please advise and provide your reasons for denying this request so that this matter may be litigated in a timely fashion.

**Rule 16 Discovery Requests**

1. **Statements**, Rule 16(a)(1)(A) and (B)

I request the entirety of any and all statements made by John Sullivan to law enforcement agents, state or federal prosecutors, the media or to others, as well as information about when, where, and to whom these statements were given and where these statements were given. If I do not receive any notice of such statements, I will prepare for trial with the understanding that none exist.

2. **Prior Record**, Rule 16(a)(1)(D)

I request notice of all prior adjudications and convictions for John Sullivan, including the particular dates and offenses involved.   If I do not receive notice of prior adjudications or convictions for Mr. Sullivan other than those listed in his Pretrial Service Agency Report, I will prepare for trial with the understanding that none e

3. **Documents**, Rule 16(a)(1)(E)

I request a copy of all police reports, witness statements, and other documents that have been generated by any agent of law enforcement. This request includes any MPD and FBI and other agencies who executed reports in this case, including but not limited to any and all PD-47s, PD-58s, PD-119s, PD-122As, Cobalt records, and other reports and documents produced by police in relation to this case.  I also request copies of any photos or photo arrays that were used for any and all identification of John Sullivan, and copies of any notes made by police officers or detectives in this case.

To the extent that these documents are not yet discoverable because they are statements made by prospective government witnesses, pursuant to the Rule of Criminal Procedure 16(a)(2), I am requesting that these documents be provided if and when it is determined that the author or witness is not going to be a government witness.

4. **Tangible Objects**, Rule 16(a)(1)(E)

I request a list and opportunity to view any tangible objects or any physical evidence involved in this case that are within the possession, custody, or control of the government that either are intended for use by the government as evidence in chief at trial, would be material in preparation for John Sullivan's defense, or were obtained or belong to John Sullivan. Pursuant to Rule of Criminal Procedure 16(a)(1)(E),if any of these objects exist please inform me by March 1, 2021 so that we can arrange for me to view and copy or photograph the objects.

Please send me a date as soon as possible when I can come and view any evidence obtained during or after the incident, and provide a viewing letter authorizing counsel and an investigator from my office, John Eicher, to inspect all tangible evidence.  If a viewing letter is required, please send it now with my name, authorization to bring an investigator

3

from my office, John Eicher, and authorization to bring a camera to photograph the evidence.

5. **Photograph and Videos**, Rule 16(a)(1)(E)

I request any and all photographs that are in the possession, custody or control of the government that either would be material to John Sullivan's defense or intended for use by the government as evidence in chief at trial, or were obtained from or belong to John Sullivan.

This request also includes any video footage, including from cameras owned by MPD (crime and red light) and DDOT (which are operated and maintained by MPD, and to which MPD has access), as well as any footage that government actors reviewed. This request also includes any video footage from MPD District where the defendant was taken, and all body worn camera footage that may have captured any portion of the alleged incident, investigation or arrest of my client. As you are aware, many cameras loop over footage every 10 to 30 days. I ask that you preserve the footage related to this incident immediately.

The request includes all Body Worn Camera (BWC) footage from all offices involves in any and all searchers, arrests, and investigations associated with this case and/ or labels with the CCN Number associated with this case; information that will permit undersigned counsel to identify the officer wearing the BWC; metadata related to any and all BWC footage; information from the AUSA's office and/or MPD specifying any edits or redactions made to the footage and the corresponding justifications. Please also provide the access logs for the BWC footage for any and all officers involved in this case.

I request copies of any other photographs, including any identification procedures, and videos relevant to this incident. If I do not hear from you by March 1, 2021, I will assume that the government does not possess any videos and does not plan to introduce any evidence of a video at trial, beyond those I have already received.

6. **Tape Recordings**, Rule 16(a)(1)(E)

There may have been radio communications and/or cellular phone calls or audio recordings made in connection with this case. I request that

the government preserve any and all radio communications, phone communications and audio recordings, and furnish me with the copy of all tape recordings of scout runs, ambulance runs, 911 calls, radio transmissions, TAC communications, police and ambulance recordings, and audio recorded interviews in connection with the incident and John Sullivan's arrest, which are within the possession, custody, or control of the government, and which is material to the preparation of the defense or are intended for use by the government as evidence in chief at trial.  I also request to be allowed to listen to any existing recorded communications in advance of trial and to make a taped copy of any such communications.  This request comes pursuant to Rule 16(a)(1)(E) as well as pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

It is my position that recorded communications are discoverable in advance of trial under Rule 16(a)(1)(C) because the evidence is material and relevant to the preparation of John Sullivan's defense.  I understand that it may be the government's position that certain radio communications constitute material covered by Jencks v. United States, 353 U.S. 657 (1952).  To avoid any resultant delay of trial that may occur in order for me to listen to and investigate any last-minute disclosures, I request that you provide the recording in advance of trial, and that the government immediately provide me with any radio communications being held as Jencks material as soon as the government determines that it will not call that witness in its case-in-chief.

7. **Results/ Reports of Examination and Tests**, Rule 16(a)(1)(F)

I have received no notice of examination, tests, or experiments conducted in this case.  Pursuant to Rule 16(a)(1)(F), please provide me with the results and reports relating to each and every individual scientific test or experiment performed in relation to the alleges incident, including but not limited to the testing and examination of any drugs; all examinations and reports of ant medical treatment generated as a result of the alleged incident, and any fingerprint or other analysis and/or examination of biological matter generated in this case.  Please also provide me with the authorization to visit and inspect the laboratory at which examinations were performed.  Please provide the results/reports in sufficient time for me to incorporate the material into my trial preparation, including the possible need to seek alternate testing and/or the assistance of an expert to examine the material or to testify concerning the material.

5

8. **Expert Witness**, Rule 16(a)(1)(G)

    I request the notice of any experts the government may call and the written summary of the expert's testimony that the government intends to use during its case in chief at trial.  Please include in the summary, the expert witness's name, opinions, the bases and the reasons therefore, and the witness's qualifications.  I request contact information for each expert witness.

    If I do not receive expert disclosures consistent with Rule 16, I will be unable to prepare adequately to confront the expert and will move the Court to preclude the government from calling the expert.

9. **Evidence of Uncharged Alleged Misconduct**

    Please inform me if the government intends to introduce any evidence of uncharged misconduct relating to John Sullivan by February 28, 2021, so that I may file any necessary pre-trial motions. Please provide me with a factual proffer of the nature of any uncharged misconduct that you intend to introduce at trial. Unless notified otherwise, I will assume that the government does not intend to introduce evidence of uncharged misconduct under Drew v. Unites States, 331 F.2d 85 (D.C. 1964).

10.    **Identification Procedures**

    Please provide me with the following information for any identifications conducted in this case: any and all statements made by the identifying witness before, during, or after the identification; any statements made to the identifying witness before, during, or after the alleged identification; any information regarding false identifications or non-identifications; the number of officers present at the time of the identification; and the circumstances of the witness's opportunity to observe, like distance, lighting, and any other circumstances relating to the reliability of the alleged identification. See Clemons v. United States, 401 F.2d 1230 (D.C. Cir. 1968).

11.    **Hearsay Exceptions**

I request advance notice of the government's intention to introduce any arguably hearsay or other out-of-court statements in order to allow me to have adequate time to prepare a motion to exclude such statements. Unless you inform me otherwise, I will prepare for trial with the understanding that the government does intend not to introduce any hearsay evidence or other statements.

### *Brady* Requests

I hereby make a general request for exculpatory and impeachment information pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.

I also make the following specific requests pursuant to *Brady,* and request that the government disclose such information in advance of trial so that the defense may investigate, if necessary, and incorporate into its preparation for trial;

a. All inconsistencies between any accounts provided by any complainant, or inconsistencies or differences between any accounts by the complainant and other witnesses;

b. any inconsistencies between the description provided by any witnesses related to John Sullivan;

c. any information tending to undermine the reliability of any eyewitness accounts or descriptions;

d. police bias and credibility information, including source documents, about any lawsuits against, findings of misconduct or complaints sustained against (including information and source documents about any discipline imposed against) any officers involved in the investigation and prosecution of this case, and all adverse credibility findings and findings of constitutional violations (including but not limited to Fourth and Fifth Amendment violations) involving any of the officers involved in the investigation or prosecution of this case. Given the repeated occurrence of the USAO denying such information exists only for it to be later uncovered by defense investigation, I request a proffer of the steps the USAO has taken to locate this information, as well as all source documents. I also request that the

  USAO consult the Office of the Attorney General for DC, which maintains an independent database of this information.

e. police bias and credibility information, including source documents, about whether any of the officers involved in the investigation and prosecution of this case had any complaints, intervention plans, lawsuits, or investigations of conduct pending at any point during the pendency of this case, including but not limited to the officers mentioned above. Given the repeated occurrence of the USAO denying such information exists only for it to be later uncovered by defense investigation, I request a proffer of the steps the USAO has taken to locate this information. I request that the USAO consult the Office of the Attorney General for DC, which maintains an independent database of this information.

f. all intervention plans that were in place as of January 6, 2021, or which have been imposed since that date for all officers involved in this case in any capacity.

g. any information that others were arrested or questioned regarding this case;

h. the identities of and contact information for any witnesses who indicate that John Sullivan did not commit the indicted offense, and the substance of those witnesses' statements;

i. the identities of and contact information for any witnesses who do not fully corroborate the government's case or who serve to impeach the government's evidence;

j. any information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness;

k. any evidence of bias for the government or against John Sullvan for all civilian and police witnesses, pursuant to Giglio v. United States, 405 U.S. 150 (1972). This includes the full parameters on any benefit, or promise of benefit, received by any government witness.

l.  any evidence of bias or motive by any witness who have an immigration concern which the witness might believe or might have believed would be favorably affected by government action in this case, including but not limited to any conversations which any agent of the government, including police, victim advocates, or other staff of the U.S.A.O., regarding immigration status or obtaining immigration benefits, such as U, T, or S visas, through cooperation with law enforcement. See generally Delaware v. Van Arsdall, 475 U.S. 673 (1986).  I request the dates and substances of all statements made by either government actors or witnesses regarding possible immigrations issues or benefits;

m. any prior bad acts of government, civilian, and police witnesses, pursuant to Giles v. Maryland, 386 U.S. 66 (1976), including use of false documents for employment or immigration purpose;

n. any prior false reports pursuant to, including but not limited to, prior complaints or reports to the police or enforcement agencies that did not result in conviction;

o. any prior inconsistent, non-corroborative, or other witness statements that will not reflect the witness's trial testimony;

p. all information in the government's possession indicating that the mental state or capacity of any government witness is below normal or is an any way abnormal;

q. any evidence that any government witness or informant was under the influence of any alcohol, narcotics, or any other substance at the time of the incident about which the witness will testify, or that the witness's faculties were impaired in any way;

r. information concerning any impeachable convictions of any government witnesses;

s. all information indicating that:[1]

---

[1] With respect to the below information, I hereby request the docket numbers, dates, and jurisdictions for any and all requested cases.

   1. any government witness had a pending juvenile, immigration or criminal case at the time of the incident in the present case and/or has had such cases since that date;

   2. any government witness had a pending school disciplinary proceedings a the time pf the incident in the present case and/or has had such cases since that date;

   3. any government witness had an arrest, guilty plea, trial, fact-finding hearing, sentencing or disposition pending at the time of John Sullivan's arrest and/or since that date;

   4. any government witness who was committed or on probation, parole, or supervised release in any juvenile or adult case at the time of the incident in the present case or since that time;

   5. any government witness who has now, or has had, any liberty interest that the witness might believe or might have believed would be favorably affected by government action; and,

   6. any deals, promises, or inducements that have been made to any government witness in exchange for their testimony;

t. any information that any government witness was, has been, or is a police informant, from the time of the incident in this case up to and including the day(s) of trial. If any witness is or has been an informant, I request disclosure of the following information:

   1. length and extent of witness's informant status

   2. amounts normally paid to the informant;

   3. non-monetary assistance also provided to the informant, including but not limited to assistance in avoiding or minimizing harm from any pending charges, whether the charges existed at the time of the offense or any other time through the day of trial;

10

    4. all benefits or promises of benefits to an informant or statements that a benefit would not be provided to an informant without his or her cooperation, whether or not such a promise or threat was fulfilled. "Benefits" refers to any monetary compensation, assistance of the prosecutor or the Court concerning pending charges against the informant, or any other sort of consideration of value;

    5. the nature of any such assistance provided to the informant in the past, including the number of occasions and form of help;

u. any evidence of information that tends to even arguable link another individual to the crime charged;

v. any other information in the possession of the government that is favorable to the defense, whether or not admissible in court, and that is material to the issues of guilt and/or punishment.

With respect to any of the information requested above, I hereby request any reports, records or other documents containing such information. If such reports, records or other documents are in the custody, control, or possession of the government, they must be disclosed to the defense.

In carrying out your constitutional mandated <u>Brady</u> obligations, please,

1. Speak to all members of the "prosecution team";
2. Speak to all employees of the United States Attorney General's Office involved with the case;
3. Speak with all police investigators who handled the case;
4. Speak to all Victim advocates;
5. Review all case files maintained by your office, not just concerning the instant case but any related cases;
6. Search all record databases to which you have access for criminal records concerning any potential witnesses in this case;
7. Ask the FBI, DEA, and Metropolitan Police Department if they have any relevant files; and
8. Examine any pre-sentence reports and probation files relevant to the case

The forgoing requests are made pursuant to <u>Brady</u> and its progeny. If you disagree with the legality of any of these requests, please let me know in writing so that we can litigate the matter before Court.

### **Jencks (Rule 26.2) Requests**

Please be advised that John Sullivan is requesting prompt disclosure of any and all Jencks materials pursuant to R. Crim. P. 26.2.  Undersigned counsel is aware that the Rule 26.2(a) does not require the government to produce such materials until after a witness has testified.  Rule 26.29(d), however, expressly authorizes the Court to recess proceedings when counsel requires time to examine and use the materials provided under subsection (a). Such a recess wastes valuable court time and resources. Thus, unless the government has legitimate concerns about witness safety, please disclose any <u>Jencks</u> material well in advance of trial so as to avoid any costly delays.

### **Duty to Preserve Discoverable Evidence**

Please be reminded of the government's duty to preserve any evidence that is discoverable or that the government is obligated to disclose pursuant to <u>Brady</u> and its progeny, including, for example, any materials that might yield biological or chemical evidence.

### **Continuing Duty to Disclose**

The Duty to disclose under Rule 16 and <u>Brady</u> (and it progeny) is a continuing one and the requests stated above are therefore continuous, stretching until final disposition of this case.  Thank you for your prompt attention to these requests.

This is a specific and on-going demand for each every offer of reward that was extended in this case by any law enforcement agency or official or prosecutor's office.

### **Offer of rewards**

This request is for the full name, address and contact information for each and every person who responded to any reward that was offered in

12

connection with this indictment.. This demand encompasses all rewards, oral and written, regardless of whether they were acted upon.

This request includes the name and contact information for any member of law enforcement or prosecutor's office which in any manner handled the reward

**Utah state court proceeding**

Please advise me whether the United States intends to introduce evidence of a pending case in the Utah state court system against John Sullivan so that I may prepare necessary Motions in Limine. If it is your intention to seek admission of the events in Utah, each of the discovery requests identified herein related to the pending charge in the District of Columbia are hereby adopted with respect to the Utah state court case.

**<u>Plea Offer</u>**

I am obliged to relay to my client any plea offer the government may want to extend to him. Please contact me if any plea offer is to be extended.

Thank you for your attention to these requests.

Very truly yours,

/S/

Steven R. Kiersh

cc: United States District Court case file, 21-cr-78