## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**


**V.**                                          **Case No.: 21-cr-78 (EGS)**


**JOHN SULLIVAN**

### MEMORANDUM CONCERNING CONDITIONS OF
### PRETRIAL RELEASE

Defendant, by and through undersigned counsel, does hereby

provide the following memorandum concerning conditions of his pretrial

release.

**I. Defendant strenuously opposes any restrictions regarding his use
of the Internet, Twitter, Facebook and other forms of social media.**

"A prior restraint on expression is a content-based restriction of

speech. A prior restraint exists when the enjoyment of protected expression

is contingent upon the approval of government officials*." Near v.*

*Minnesota*, 283 U.S. 697, 711-13 (1931);  *White v. Baker*, 696 F. Supp 2d

1289, 1306  (N.D. Georgia 2010) In *Ward v. Rock Against Racism*, 491

U.S. 781, 795 n.5, the Supreme Court held that "A prior restraint on

expression exists when the government can deny access to a forum for

expression before the expression occurs."

As a condition of defendant's pre-trial relelase, the government is seeking to limit his use of the internet and to expressly prohibit him from using the following: Twitter, Facebook, encrypted platforms.

The requests by the United States to limit defendant's ability to communicate the way the vast majority of Americans communicate is oppressive, overbroad and unconstitutional.

While courts have broad discretion to prescribe conditions of release, The "conditions of supervised release may not restrict more liberty than reasonably necessary, including constitutional liberty." See *United States v. Holena,* --F.3d--, 2018 WL 4905748, at *5 (3rd Cir. 2018). The Court in *Hoena* further noted that computer and internet usage restrictions potentially "limit an array of First Amendment activity," and accordingly cautioned district courts to ensure that any such restrictions "not…restrict (defendants) First Amendment Rights more than reasonably necessary or appropriate to protect the public."  See also *Packingham v. North Carolina,* 137 S. Ct. 1730, 1736 (2017) (Striking down state statute barring sex offenders from using social media for violating First Amendment.).

The government's request for limitations on defendant's right to use social media is not reasonably related to the crimes for which he has been indicted. To the contrary, the sweeping restrictions requested to be placed

on Mr. Sullivan are completely unmoored from the conduct that is ostensibly what is necessary to protect the community. The entirely overboard request by the government would effectively ban hm from communicating with friends, interacting, with his family, writing his thoughts, keeping up with the news, checking on the weather, reading a newspaper outline or any of the typical reasons why the vast majority of the polukatin uses these social media platforms. The breadth of the requested restrictions have no relationship to the conduct for which Mr. Sullivan has been indicted.

*Packingham v. United States* in instructive. The case involved a challenge to statute making it a felony for registered sex offenders to access commercial social networking websites where the sex offender knows that the site permits minor children to become members. Petitioner was indicted for violating the subject state law. The specific charge was Petitioner posted a statement on his Facebook profile about a positive experience in traffic court. Petitioner challenged the law on grounds that it violated free speech. The trial court denied the challenge. The State Court of Appeals struck the statute down on grounds that it cioated the First Amendment. The State appealed the ruling.

The Supreme Court struck the sstaue down as being violative of rights guaranteed by the First Amendment. "A fundamental principle is that all

persons have access to places where they can speak and listen, and then, after reflection, speak and listen once more. Today, one of the most important places to exchange views is cyberspace, particularly social media…." 137 S. Ct. at 1732. Justice Kennedy added, "It is well established that, as a general rule, the Government "may not suppress lawful speech as the means to suppress unlawful speech." *Ashcroft v. Free Speech* Coalition, 122 S. Ct. 1389 (2002). That is what North Carolina has done here. Its law must be held invalid." supra, 1738.

The government's argument in support of detention is completely contradicted by the facts before this Court.  The government has argued, "there are serious risks that this defendant will obstruct or attempt to obstruct and that he continues to pose a recurring threat to the safety of the community." PACER Document,6, page 2.

There is no evidence to support this unfounded claim. Defendant has not in any manner whatsoever attempted to obstruct justice. His request to have people attend his release hearing in Utah was a perfectly reasonable and constitutionally protected request to invite people to his court proceeding. It is inconceivable that he be punished for this completely lawful request.

United States Magistrate Judge Daphne A. Oberg of the United

States  District Court for the District of Utah debunked the government's

argument as to John Sullivan's alleged obstruction of justice.

> The government's proffer simply fails to establish a serious
> risk Mr. Sullivan will obstruct justice or attempt to obstruct
> justice in the future…The allegation that Mr. Sullivan might
> have incited others to resist police officers in a separate
> Oregon event adds little to the inquiry. These allegations
> are insufficient to meet the government's burden of establishing
> § 3142 (f)(2)(B)  applies in this case, even by a preponderance
> of the evidence, let alone clear and convincing evidence.

United States v. Sullivan, Case No. 21-mj14 (U.S. District Court Utah),
PACER DOCUMENT, page 4.

## II. Defendant should not be restricted from earning his income through Insurgence USA

Insurgence USA is not charged with any offense in this matter.

Insurgence is not deemed to have been involved in any criminal activity.

Defendant is legitimately self-employed as a documentarian and it is

oppressive to require that he not be allowed to continue his primary area of

employment for an extended period of time. Attached to this pleading are

receipts for services documenting defendant's employment.

1. Contract with Australian Broadcasting.

2. Contract with Left/Right, LLC;

3. Agreement to release video footage with Rocky Mountain Public Media.

4. License Agreement with CNN

## III. Defendant should not required to wear an ankle bracelet pending trial

There is absolutely no question that John Sullivan has faithfully appeared for very court appearance remotely. He is actively engaged with his trial counsel in preparing a defense to the charges in the indictment.

There is not a reasonable argument that he is a danger of flight. The government is not making this argument. This begs the question: Why does John Sullivan have to wear an electronic monitoring device?

John Sullivan has substantial ties to the community. His father is a retired Army officer having spent 21 years in the military. Defendant's parents reside approximately one hour away from him in Utah and are actively involved in his life.

"Release pending trial is governed by the Bail Reform Act of 1984 which, like its predecessor, the Bail Reform Act of 1966, 18 U.S.C. Sections 3146-3152 (1982)(repealed October 18, 1984) mandates release of a person facing trial under the least restrictive conditions or combination of conditions that will reasonably assure the appearance of the person…." *Banks v. United States*, 414 F.2d 1150,1153 (D.C. Cir. 1969).

The ankle monitor is an overly restrictive and unnecessary restriction\ on defendant.

## CONCLUSION

Defendant is a decent, honest young man who has been utterly mischaracterized by pleadings filed in this Court and comments attributed to him have been taken out of context. There is no reason to conclude he is risk of flight or that he will attempt to obstruct justice. He has promptly appeared for every court appearance in Utah and the District of Columbia and there is nothing in the record to reasonably suggest that he will not continue to abide by conditions of relelease. The government seeks unconstitutional and oppressive conditions that defendant respectfully submits should not be permitted by this Court.

Respectfully submitted,

_____/s/_____

Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, on this the ____15th____day of February, 2021 upon all counsel of record.

_____/s/_____
Steven R. Kiersh