**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**v.**

**Cr. 21-cr-78 (EGS)**

**JOHN SULLIVAN**

**MOTION TO RELEASE SEIZURE ORDER RELATED TO DEFENDANT'S BANK ACCOUNT IN UTAH AND TO FORBID SEIZURES OF OTHER ACCOUNTS**

Defendant, by and through undersigned counsel, does hereby seek an Order from this Court discharging the seizure of his bank account in Utah and to prevent any further seizures of other bank accounts belonging to defendant. In support thereof, defendant respectfully sets forth as follows:

Defendant was arrested in connection with the events of January 6, 2021 at the United States Capitol. Defendant has been indicted for the following offenses: Obstruction of an Official Proceeding, 18 U.S.C. Sec. 1512 (c)(2); Civil Disorder, 18 U.S.C. Sec. 231 (a)(3); Entering and Remaining in a Restricted Building, 18 U.S.C. Sec. 1752 (a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, 420 U.S.C.

Sec. 5104 and Disorderly Conduct in Capitol Building, 40 U.S.C. Sec. 5104 (e)(2)(d).

On or about April 29, 2012 defendant learned that his personal bank account in Utah was seized by the United States. 1 Neither defendant nor his counsel were given prior notice of the seizure of his account. Defendant has confirmed that his account was seized by federal authorities pursuant to a sealed warrant issued by a United States Magistrate. The signed warrant is due to be provided to undersigned counsel with the release of other discoverable items of evidence.

Criminal forfeiture proceedings, including pretrial seizure of property subject to forfeiture upon conviction, are governed by 21 U.S.C. Sec. 853, see 18 U.S.C. Sec. 982 (b)(1), as well as Federal Rule of Criminal Procedure 32.2. Under 21 U.S.C. Sec. 853, the government may request a warrant from a federal court authorizing the pretrial seizure of property subject to forfeiture in the "same manner as provided for a search warrant." 21 U.S.C. Sec. 853(f).

It is well recognized that a pretrial seizure of assets in a criminal

---

1 The name of defendant's bank and his bank account number will be provided, if necessary, under seal.

case constitutes an impairment on property triggering the Due Process Clause of the Fifth Amendment to the Constitution, which provides that "no person…shall be deprived of life, liberty, or property, without due process of law." See, *Connecticut v. Doehr,* 501 U.S. 1, 12 (1991); The Supreme Court has characterized pretrial asset restraints as "the nuclear weapon of the law." *Grupo Mexicano de Deasarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S., 308,332 (1999).

The federal courts have consistently recognized that particular attention must be paid when dealing with this "severe remedy." *United States v. Razmilovic*, 419 F. 3d 134,137 (2d. Cir. 2005). This is particularly so because asset restraints are imposed on an *ex parte* basis and without the benefit of an adversarial process and because the government has a strong interest in the outcome. See, *United States v. James Daniel Good Real Property*, 501 U.S. 43, 56 n.2 (1993) (extent of government's financial stake in forfeiture has produced a concomitant lack of neutrality); *Krimstock v. Kelly*, 306 F.3d 40, 63 (2nd. Cir 2002) (there is need for greater procedural safeguards—here, and early, pretrial adversary hearing—where the government has a pecuniary interest in the outcome of forfeiture proceedings), cert, denied, 539 U.S. 969 (2003).

The protection afforded by the Due Process Clause's plain text applies whenever the government has deprived a person "of…property." U.S. Cons. Amen V. Nothing in that clause limits the Fifth Amendment's protections to only those persons who need to use their seized property or who are indigent. Accordingly, the federal courts have held that when the government restrains a criminal defendant's assets before trial on the assertion that they may be subject to forfeiture, due process requires that the defendant be afforded a post-deprivation, pretrial hearing to challenge the restraint. If certain minimal conditions are satisfied, "[t]he wholesale use of…forfeiture proceedings [should cause] grave concern when the Government has clearly focused its law enforcement energies and resources upon a person and attempts to restrain his property…." *United States v. $39,000 in Canadian Currency*." 801 F.2d 1210, 1219 n.7 (10th Cir. 1986).

The United States Supreme Court has made clear that pretrial seizure, pursuant to 21 U.S.C. Sec. 853 (f) requires two probable cause findings: (1) that the defendant committed an offense permitting forfeiture and (2) that the property at issue has the requisite connection to that crime." *Kaley v. United States*, 134 S. Ct 1090,1095 (2014).

At the outset, defendant notes that he needs the funds in the seized bank account in order to pay his rent and household necessities. Additionally, the proceeds of the seized bank account are not the product of criminal activity alleged in the indictment. Defendant is being deprived of his needed asserts is in violation of the Due Process Clause of the United States Constitution.

Wherefore, the foregoing considered, defendant prays this Honorable Court to discharge the Order of Seizure related to his bank in Utah and for an Order preventing the United States from seizing any other bank accounts belonging to defendant.

Re3spectfully submitted,

______/s/__________________

Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington D.C. 20015
(202) 347-0200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via the COURT'S ELECTRONIC FILING SYSTEM, upon all counsel of record on this the 7th day of May, 2021.

______/s/_____________________
Steven R. Kiersh