**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**v.** **21-cr-78(EGS)**

**JOHN SULLIVAN**

**REPLY TO OPPOSITION TO MOTION TO DISCHARGE SEIZURE WARRANT**

## I. Defendant's Motion is Based Exclusively on the Fifth Amendment Right to Due Process and not the Sixth Amendment Right to Counsel

Defendant does not seek discharge of the seizure Order in order for him to retain counsel. Thus, his motion is not based upon a claim pursuant to the Sixth Amendment to the United States Constitution. Rather, his argument is based upon the Fifth Amendment right to due process of law. The government's arguments concerning the Sixth Amendment should be disregarded.

## II. Defendant should have the benefit of a pretrial due process hearing to determine whether the seized assets should be released.

In *E-Gold v. United States* 521 F. 3d 411 (D.C. 2008), the D.C. Circuit determined that "[i]n ascertaining the requirements of the due process clause in affording a hearing to those who whose assets are the

subject of seizure," the Court must "look first to the Supreme Court's declarations in *Matthews* v. *Eldridge*." (internal citations omitted).[1]

*E-Gold,* cited by the United States, involved corporate defendants charged with operating an unlicensed money transmitting business. Based upon the indictment, the government obtained an *ex parte* seizure warrant obtaining funds in accounts of the named defendants. A request was made to discharge the seizure order and a request for an evidentiary hearing was made. The grounds for the motion were based upon the Fifth Amendment and the Sixth Amendment to the United States Constitution. The district court denied the requests. An interlocutory appeal was filed and the D.C. Circuit vacated the order of the district court.

The *E-Gold* Court concluded that the issue was one of first impression in this jurisdiction and ruled that "[a] fundamental norm of the due process clause jurisprudence requires that before the government can constitutionally deprive a person of the protected liberty or property interest, it must afford him notice and hearing." Id., 314, citing *National Council of Resistance v. Dep't of State, 251 F.3d 192, 205 (D.C. 2001); Matthews v. Eldridge*, 424 U.S. 319, 334-35 (1976).

---

[1] *Matthews v. Eldridge*, 424 U.S. 319 (1976) held that "Due Process is flexible and calls for such procedural protections as the particular situation demands." citing *Morrissey v. Brewer, 408 U.S. 471 (1972).*

Defendant acknowledges that a portion of E-*Gold* was abrogated by *Kaley v. United States*, 571 U.S. 320 (2014) wherein the Supreme Court concluded that a pretrial hearing is not necessary within the context of a Sixth Amendment claim and where probable cause has been established by an indictment. However, the *Kaley* opinion was limited to one area of inquiry when probable cause has been established. “This case raises the question whether an indicted individual has a constitutional tight to contest the grand jury’s prior determination of that matter.” Id. 324.

In general, and specifically in this case, there is a two-part inquiry that must be satisfied including a determination of the source of the seized funds.

> That determination [related to pretrial forfeiture of assets] has two parts, reflecting the requirements for forfeiture under federal law. There must be probable cause to think (1) that the defendant has committed an offense permitting forfeiture, and (2) that the property at issue has the requisite connection to the crime.

Id. 323-24.

*Kaley* is therefore limited to situations involving challenges only to the first inquiry, probable cause. “[T]he Kaleys cannot challenge the grand jury’s conclusion that probable cause supports the charges against them.” Id. 341.

Chief Judge Roberts, writing in dissent to the *Kaley* majority, noted that “[t]he Solicitor General concedes—and all Courts of Appeals to have considered the issue have held—that defendants are entitled to show that the assets that are restrained are not actually the proceeds of the charged criminal offense; that is, that the second prong of the required showing is not satisfied…If the Kaleys are to have any opportunity to meaningfully challenge that deprivation, they must have it before the trial begins.” Id. 357.

Other federal circuits have resolved the issue in favor of a pretrial hearing related to seizure of assets. In *United States v. Moss*, a challenge was made to a pretrial seizure of assets for legal and living expenses. Citing *Mathews v. Eldridge*, 424 U.S. 319 (1976) the 10th Circuit held,

> To determine whether due process requires some form of a post-restraint, pretrial hearing we consider the private interest affected by the restraint; the risk of an erroneous deprivation of that interest through the procedures used, as well as the probative value of an adversarial hearing; and the government’s interest, including the administrative burden that an adversarial hearing would impose.

160 F.3d 641, 645 (10th Cir. 1998).

Following consideration of the factors articulated above, the *Moss* Court ruled in favor of the defendant. “Also, of importance is [defendant’s] interest in paying for ordinary and necessary expenses (food, shelter, and

the like) until the conclusion of the trial. A restraining order that prevents a defendant from supporting herself and her family pending and during trial would likely work an injustice with constitutional implications." Id. 646, citations omitted.

III. **Defendant has a particularized need for assets to pay for his personal necessities of life and should not be deprived access to his resources pending trial.**

This matter is by all accounts a complex proceeding with a vast amount of discovery to be produced and reviewed by defendant with counsel. There will be numerous pretrial motions that will require thorough briefing and argument. The government has indicated there are thousands of hours of videotape discovery as well as other discovery to be produced. Accordingly, it is not expected that this matter will be tried in the near future.

Defendant is young man with no criminal record who has legally supported himself in the past. However, similarly to all adults, defendant has monthly expenses that he must meet. The continued restraint on defendant's bank assets will prevent him from satisfying his monthly financial obligations. The following is a summary of defendant's monthly financial responsibilities:

1. Rent: $2,100.00

2. Water: $100.00

3. Electric: $100.00

4. Automobile: $700.00

5. Automobile insurance: $150.00

6. Food: $600.00

7. Entertainment: $250.00

8. Shopping: $100.00

9. Subscription: $250.00

10. Savings: $150.00

11.Self care: $300.00

Total monthly expenses:4,800.00

Defendant's sources of income other than from the sale of videotape of the January 6, 2021 event includes as follows:

1. Google deposits
2. 401 K Deposits
3. Severance pay from prior employer (Proofpoint)
4. Priority 1 Logistics payouts[2]

---

2 Attached to this pleading is Exhibit #1 which is an endorsed declaration from defendant confirming the monthly expenses and other sources of income described herein.

## IV. Chief Judge Beryl Howell ordered relief to a defendant who sought discharge of a pre-trial seizure of assets based upon household need

The United States is correct in its assertion that “no decision of the Supreme Court or D.C. Circuit, or by any judge of this Court, has ever required a pretrial evidentiary hearing based on a claimed need to pay household expenses.” Gov’t opposition, page 14. However, Chief Judge Beryl Howell did order a partial discharge of a seizure warrant based upon a Fifth Amendment due process claimed need for household expenses.[3]

*Michael Bikundi v. United States,* 14-00030-BAH, 2016 WL 912169, was a multiple count, multiple indictment charging, *inter alia*, conspiracy to commit health care fraud in violation of 18 U.S.C. § 1347. The case involved the misappropriation of 80 million dollars in funds from Medicaid. Defendant requested a pretrial hearing to challenge the seizure of his assets from multiple bank accounts. The Court denied the request for an evidentiary hearing but did partially grant the motion.

Bikundi was not seeking funds to pay for counsel. Rather, as is the situation herein, his request was exclusively for release of funds to pay household expenses.[4] BIkundi requested discharge of funds in order to pay

[3] The Order was entered based upon the pleadings. A pre-trial hearing was not required.

[4] Chief Judge Howell noted that Bikundi’s motion “squarely raises an issue left unresolved by the Supreme Court in both the Kaley and Monsanto opinions, and by the D.C. Circuit in E-Gold, regarding an indicted defendants’ entitlement to pre-trial review

utility bills and other household expenses. He had to rely on borrowed funds and was unable to pay his children's preschool education. Citing *Kaley v. United States*, Chief Judge Howell determined, "[h]e has demonstrated a substantial need for the funds at issue to provide for household necessities. The Court is not persuaded that the defendant's showing is insufficient to warrant some procedural safeguard to reduce the risk of erroneous deprivation." Id. page 15.

In *Bikundi* the Court made specific findings and ordered a sum certain of amount funds released in support of defendant's claims that the funds were necessary for household expenses.

In conclusion, defendant submits that has demonstrated an adequate and specific identification of funds that are necessary to be used for essential household expenses. In addition, defendant has sources of income that are independent of the events of January 6, 2021. Accordingly, Defendant respectfully prays this Honorable Court for an evidentiary hearing to determine whether to discharge the seizure warrant.

---

of the forfeitability, or traceability, of assets seized pursuant to a probable cause warrant—which probable cause finding in this case is bolstered by a grand jury finding—*when no Sixth Amendment right to counsel is implicated."* Id., page 12, (emphasis supplied).

Respectfully submitted,

______/s/__________________
Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served upon Assistant U.S. Attorney, Candice Wong, Esquire, via the Court's electronic filing system on this the 2nd day of June 2, 2021.

______/s/_________________
Steven R. Kiersh