UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.                                          Case No.: 21-cr-78 (EGS)

JOHN SULLIVAN

## MOTION TO SUPPRESS CUSTODIAL STATEMENTS

Defendant, John Sullivan, by and through undersigned counsel, does hereby move to suppress the oral custodial statements provided to Special Agent F.B.I. Agent Matt Foulger on January 11, 2021. In support thereof, defendant respectfully sets forth as follows:

### I. FACTUAL BACKGROUND

This prosecution arises out of the events that occurred at the United States Capitol on January 6, 2021. A massive and organized investigation arose that included law enforcement agents from virtually every state in the country. In fact, this was one of the most intensive and large scale criminal investigations ever conducted in the United States.

Special Agent Matt Foulger with the F.B.I. Office in Salt Lake City, Utah was assigned to the case of John Sullivan and had the responsibility of overseeing all the investigative steps in the case against Mr. Sullivan.

1

Special Agent Fouler was experienced in investigating domestic terrorism and weapons of mass destruction.

Special Agent Foulger was familiar with defendant's 39 minute video that was posted on his YouTube channel and was familiar with certain statements allegedly made by defendant during the video. According to testimony elicited from Special Agent Foulger, defendant purportedly stated to the crowd inside the United States Capitol that he had a knife and requested that the crowd let him go forward. Special Agent Foulger has testified that he could not see defendant in the video but that he recognized defendant's voice and was familiar with defendant's voice.[1]

Special Agent Foulger described defendant in the video he viewed as having black hair, a black goatee and wearing a black jacket while inside the United States Capitol. The Agent has further testified that another witness who allegedly was with defendant was interviewed by F.B.I. agents in Washington, D.C.  The witness provided information from her cellphone as well as some CD cards that she had from footage taken on January 6, 2021.

---

[1] It was elicited on multiple occasions that Agent Foulger recognized defendant's voice.

Special Agent Foulger interrogated defendant at his home on January 11, 2021, five days after the events at the United States Capitol. By the time five days had passed there was an enormous and coordinated effort involved in the investigation of crimes committed at the United States Capitol.

Special Agent Foulger unquestionably was actively investigating the criminal liability of John Sullivan prior to the questioning at defendant's home on January 11, 2021. Agent Foulger had reviewed tapes of the events inculpating defendant and interviewed at least one witness who was with defendant at the time of the events that formed the basis for the criminal investigation. Agent Foulger had seen video footage and believed defendant was both present in the United States Capitol and possessed a prohibited weapon while in the United States Capitol.

The interrogation of defendant on January 11, 2021 at his home was unannounced and defendant was informed that Foulger had spoken with agents in the District of Columbia about the interview. The interview took place over 40 minutes and defendant was not advised of rights pursuant to *Miranda v. Arizona.*

Defendant was specifically asked whether he was carrying a knife on January 6, 2021 because, according to Agent Foulger, "It was important to

our potential charges." According to Agent Foulger, defendant said he was trying to fit in with the crowd but denied having a knife. The interview on January 11, 2021 was recorded by a body worn camera. Upon information and belief there were other members of law enforcement who accompanied Agent Foulger to defendant's home on January 11, 2021. In addition, defendant was not warned by Foulger that lying about a knife could bring criminal charges.

## II. ARGUMENT

**ALL STATEMENTS MADE BY JOIHN SULLIVAN DURING THE JANUARY 11, 2021 INTERROGATION WITH SPECIAL AGENT MATT FOULGER MUST BE SUPPRESSED BECAUSE THEY WERE OBTAINED WITHOUT THE BENEFIT OF MIRANDA WARNINGS**

If, as expected, the United States will argue that the statements of defendant were voluntary, suppression of the statements is still required because defendant was not advised of his right against self-incrimination prior to undergoing custodial interrogation. See, e.g., *Pennsylvania v. Muniz*, 496 U.S. 582 (1990). A person is in "custody" under *Miranda* when he "has been…deprived of freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436,444 (1966). Whether a person is in custody depends "how a reasonable man in the suspect's position would have understood his situation." *Berkemer v. McCarty*, 468 U.S. 420, 442 (1980). "[T]he term interrogation under *Miranda* refers not only to express

4

questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis,* 446 U.S. 291,301 (1980).

The Supreme Court has noted that being in custody need not include questioning in a police facility and may even be found to exist in one's home or bedroom if the conduct of the law enforcement officers turned the otherwise comfortable and familiar surroundings of the home into a police-dominated environment. See *Orozco v. Texas*, 394 U.S. 324, 326-27 (1969).

The following facts cannot be disputed.

1. The Special Agent reviewed videotape of the events at the United States Capitol that occurred on January 6, 2021 prior to the interrogation on January 11, 2021;

2. The Special Agent identified John Sullivan as a participant in the events of January 6, 2021 and specifically identified him as being in possession of a knife prior to the interrogation on January 11, 2021;

3. A witness and defendant were interviewed by the F.B.I in Washington D.C. the day after January 6, 2021;

4. The Special Agent showed up unannounced at defendant's home in Salt Lake City on January 11, 2021 in the company of at least one other law enforcement official;

5. Defendant was questioned for approximately 40 minutes on January 11, 2021 and was never given *Miranda* rights;

6. The Special Agent was investigating the events at the United States Capitol that occurred on January 6, 2021 and believed defendant was a criminally liable participant in the events:

7. The Special Agent specifically questioned defendant about being in possession of a knife knowing that a denial could lead to a charge of making a false statement.

    The Special Agent unquestionably was conducting an active investigation into the events of January 6, 2021 and specifically targeted defendant as a subject of his investigation. The Agent was questioning defendant about possession of a knife after already having concluded that defendant possessed a knife. The unannounced entry into defendant's home by multiple law enforcement officers was not designed as a benign conversation to further an investigative purpose. Rather, the purpose of the 40 minute interrogation was to incriminate defendant. Accordingly, *Miranda* warnings were a necessary prerequisite to any questioning on January 11,

2021. "*Miranda* announced that police officers must warn a suspect prior to questioning that he has a right to remain silent, and the right to the presence of an attorney." *Maryland v. Shatzer*, 559 U.S. 98, 103 (2010).

### III. REQUEST FOR EVIDENTIARY HEARING

Defendant requests an evidentiary hearing to examine Special Agent Foulger and the other law enforcement officials who participated in the January 21, 2021 interrogation in order to complete his record related to the legal issue raised herein.

### IV. CONCLUSION

A massive and unprecedented investigation was conducted into the events of January 6, 2021 at the United States Capitol and defendant was specifically targeted by an experienced Special Agent of the F.B.I. as being a participant in illegal activity on that date. A primary purpose of the unannounced interrogation on January 11, 2021 was to obtain incriminating information from defendant. That is the reason why the Special Agent interrogated defendant about possession of a knife when the Special Agent had already concluded that defendant possessed a knife from a review of the videotape. As such, defendant should have been provided with *Miranda* warnings before the interrogation commenced.

WHEREFORE, for the reasons stated herein, and for any other reasons that may be adduced at an evidentiary hearing, defendant prays this Honorable Court suppress as evidence any statements made during the January 11, 2021 interrogation at this home.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, on this the ____23rd____day of September, 2021 upon Assistant U.S. Attorney Candice Wong, Esquire.

_____/s/_____
Steven R. Kiersh