UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.   Case No.: 21-cr-78(EGS)

JOHN SULLIVAN

### SUPPLEMENT TO MOTION TO DISMISS COUNT 1 OF THE SUPERSEDING INDICTMENT

Defendant, by and though undersigned counsel, does hereby supplement his Motion to Dismiss Count 1 of the Superseding Indictment. In support thereof, defendant respectfully sets forth as follows:

1. On December 31, 2021, defendant filed a Motion to Dismiss Count 1 of the Superseding Indictment. Defendant incorporated the Motion to Dismiss Count 2 of the Indictment submitted in *United States v. Caldwell*, 21-cr-28 (APM). See ECF 62. On January 10, 2022, the United States filed an Opposition to the Motion to Dismiss. ECF 65.

2. On March 7, 2022, the Honorable Carl J. Nichols of this United States District Court issued a Memorandum Opinion in *United States v. Garrett Miller*, 21-cr-119 (CJN). The opinion addressed a Motion to Dismiss

Count Three of the Indictment, violation of 18 U.S.C. Sec. 1512 (c)(2). This is the same statutory count that defendant John Sullivan seeks to dismiss.

3. Miller argued, as does defendant Sullivan, that Sec. 1512 (c)(2) does not make criminal his alleged actions on January 6. Judge Nichols held that "the Court must determine what conduct Sec. 1512 (c)(2) prohibits and whether Miller's alleged actions fall within that prohibition." *Miller,* 8. Judge Nichols further concluded that three readings of the statute are possible, two plausible. Ultimately, the rule of lenity required the Court to "resolve ambiguities in favor of the defendant." Id.11 citing *United States v. Nasir* 17 F.4th 459, 473 (3rd Cir. 2021) (en banc). Judge Nichols later determined that "the Court is left with a serious ambiguity in a criminal statute." Id. 28.

4. Judge Nichols concluded that "Sec. 1512 (c)(2) must be interpreted as limited by subsection (c)(1), and thus *requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.:* Id., 28, emphasis supplied.

5. Finding that Miller is not alleged to have taken such action, Judge Nichols dismissed the felony 1512 count in the indictment.

6. Defendant Sullivan notes that he, like Miller, is not alleged to have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.

7. Defendant adopts the analysis of Judge Nichols in *United States v. Miller* and supplements his Motion to Dismiss Count 1 of the Superseding Indictment with the ruling of Judge Nichols.

_____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, upon Candice Wong, Esquire, Assistant U.S. Attorney on this the 3rd day of April, 2022,

_____/s/_____
Steven R. Kiersh