UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 1:21-cr-00078-EGS |
| | : | |
| **JOHN EARLE SULLIVAN,** | : | |
| | : | |
| Defendant. | : | |

**JOINT MOTION TO CONTINUE AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The parties are currently scheduled for a status hearing on April 20, 2022. The United States of America and counsel for the defendant, John Sullivan, hereby moves this Court for an approximately 60-day continuance of that hearing and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*. In support of this joint motion, the undersigned states as follows:

1. As set forth in the United States' prior motion to continue [DE60] granted by this Court, the parties last convened for a status hearing on January 4, 2022. Discovery was provided on January 18, 2022, and February 3, 2022, which has included filesharing of documents produced to Relativity. The production to Relativity included numerous audio files and other records of the U.S. Capitol Police, tens of thousands of tips and related documentation made to the Metropolitan Police Department tipline, and FBI reports of interviews, among other materials. On February 10, 2022, the United States also filed a memorandum on the docket summarizing the status of global discovery in Capitol Breach matters for the Court.

2. Last week, the United States provided to Defendant another extensive global discovery production (Volume 13) as well as defendant-specific discovery. The United States anticipates the continued production of additional discovery to the defendant, including

1

more defendant-specific materials, in the near future. The United States has also indicated it is collecting additional specific discovery for production related to potential 404(b) material for trial that will need to be reviewed and investigated by both parties.

3. Given defenses interest in reviewing the voluminous discovery materials, including the most recent productions on the Relativity workspace, and the government's continued production of discovery materials to defense counsel, the parties seek an additional continuance of approximately 60 days or another date thereafter at the Court's convenience. The additional time will afford the United States time to continue to produce discovery, defense counsel time to review and investigate any matters as needed, and the parties time to discuss any possible pre-trial resolution of this matter.

4. The need for reasonable time to address discovery obligations is among multiple pretrial preparation grounds that Courts of Appeals, including our Circuit, have routinely held sufficient to grant continuances and exclude time under the Speedy Trial Act – and in cases involving far less complexity in terms of the volume and nature of data, and the number of defendants entitled to discoverable materials. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013) (upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds of financial transactions that formed the basis for

the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones") (internal quotation marks omitted); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (upholding ends-of-justice continuances totaling five months and 20 days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

5. The parties also note that there are numerous substantive motions pending before the Court that should also toll the speedy trial clock. These include Defendant's Motion to Dismiss Count 1 of the Superseding Indictment and Motion to Adopt and Join Motion in 21-cr-28 [DE 62] and a Supplemental Motion to Dismiss Count [71] recently filed, Motion to Dismiss Count Eight of the Superseding Indictment as Being Void for Vagueness [DE 47], Motion to Suppress Custodial Statements [DE 46], and Motion for Reconsideration re: December 6, 2021 Order Denying Motion to Remove Seizure Order [DE61]. The Government has filed responses opposing all motions.

6. Defense counsel intends to supplement its Motion for Reconsideration re: December 6, 2021 Order Denying Motion to Remove Seizure Order [DE61] with information about Defendant's current financial situation and would request respectfully the Court consider subsequently its motion during any continuance given the financial situation of the Defendant. The Government continues to oppose the motion.

7. The parties anticipate that, if the Court grant this continuance, they will be better positioned to request from the Court at the next status conference a trial date and schedule for corresponding pretrial motions.

WHEREFORE, the parties respectfully request that this Court grant the motion for an approximately 60-day continuance of the above-captioned proceeding, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), and failure to grant such a continuance would result in a miscarriage of justice.

          Respectfully submitted,

          MATTHEW M. GRAVES  
          United States Attorney  
          D.C. Bar Number 481052

By:    */s/ Joseph H. Huynh*  
       JOSEPH H. HUYNH  
       D.C. Bar No. 495403  
       Assistant United States Attorney (Detailed)  
       405 East 8th Avenue, Suite 2400  
       Eugene, Oregon 97401-2708  
       Telephone: (541) 465-6771  
       Joseph.Huynh@usdoj.gov

       */s/ Steven Roy Kiersh*  
       STEVEN ROY KIERSH  
       Law Offices of Steven R. Kiersh  
       5335 Wisconsin Avenue, NW  
       Suite 440  
       Washington, DC 20015  
       Telephone (202) 347-0200  
       skeirsh@aol.com