UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOHN EARLE SULLIVAN,<br><br>          Defendant. | Crim. Action No. 21-78 (EGS) |

**MEMORANDUM OPINION**

    Defendant John Sullivan ("Mr. Sullivan") is charged in a multi-count Superseding Indictment arising from his alleged participation in the events at the U.S. Capitol on January 6, 2021. *See* Superseding Indictment, ECF No. 56.[1] Pending before the Court is Mr. Sullivan's Motion for Reconsideration of the Court's December 6, 2021 Denial of Motion to Release Seizure Order and Supplement to Motion to Release Seizure Order. Def.'s Mot., ECF No. 61.

    Upon careful consideration of the motion and opposition thereto, the applicable law, and the entire record herein, the Court hereby **DENIES** Mr. Sullivan's motion for reconsideration.

---

[1] When citing electronic filings throughout this Memorandum Opinion, the Court cites to the ECF page number, not the page number of the filed document.

1

## I. Background

As described in the Court's December 6, 2021 Memorandum Opinion, on April 28, 2021, a magistrate judge approved two sealed warrants authorizing the government's seizure of $89,875 in Mr. Sullivan's bank account ending in 7715 and $1,000 in the Venmo account linked to Mr. Sullivan's bank account. *See* Mem. Op., ECF No. 60 at 2-3; Gov't's Opp'n, ECF No. 29 at 10. The magistrate judge found probable cause to believe that the assets were forfeitable based on the supporting affidavit stating that the "funds Sullivan obtained by filming and selling footage of the January 6, 2021 Capitol riots . . . would not have existed but for Sullivan's illegal participation in and encouragement of the riots, property destruction, and violence inside the U.S. Capitol in violation of 18 U.S.C. § 1512(c)." Mem. Op., ECF No. 60 at 2-3; Gov't's Opp'n, ECF No. 29 at 10. The warrants were served on April 29, 2021, and the government seized a balance of $62,813.76 from the bank account ending in 7715. Mem. Op., ECF No. 60 at 2-3; Gov't's Opp'n, ECF No. 29 at 10.

On May 7, 2021, Mr. Sullivan filed a motion to release the seizure order related to his bank account in Utah and to forbid seizures of other accounts. *See* Def.'s Mot., ECF No. 25. Mr. Sullivan requested that the Court issue an order "discharging the seizure of his bank account in Utah and to prevent any further seizures of other bank accounts belonging to defendant."

2

*Id.* at 1. In conjunction with the motion, Mr. Sullivan also requested a "post-deprivation, pretrial hearing" to challenge the sufficiency of the government's evidence supporting the seizure of assets. *Id.* at 4. The government filed its opposition on May 21, 2021, *see* Gov't's Opp'n, ECF No. 29; and Mr. Sullivan filed his reply brief on June 2, 2021, *see* Def.'s Reply, ECF No. 31.

On December 6, 2021, the Court denied Mr. Sullivan's motion. First, the Court held that a pretrial hearing was not warranted in this case because Mr. Sullivan had not made the threshold showing that he could not pay for rent or other household necessities without access to the seized assets.[2] *See* Mem. Op., ECF No. 60 at 10. Second, the Court held that, even if Mr. Sullivan had met the threshold showing and the Court proceeded to "ascertaining the requirements of the due process

---

[2] In so holding, the Court assumed without deciding that the reasoning in *United States v. Bikundi*, 125 F. Supp. 3d 178 (D.D.C. 2015), applied in this case. In *Bikundi*, the district court found that Federal Rule of Criminal Procedure 32.2 did not "preclude[] an indicted defendant from invoking his due process rights before trial to test the sufficiency of probable cause for the forfeitability of seized property." 125 F. Supp. 3d at 187-88. Though the defendant's request was based upon the alleged need to access seized funds to pay for household necessities, and not the alleged need to obtain counsel, the court weighed the *Mathews v. Eldridge* factors and found that due process required it to provide "pretrial judicial review of the challenged seizure warrants," even though the defendant raised "no Sixth Amendment claim that the seizure of the Disputed Funds implicates his right to counsel." *Id.* at 183, 191.

3

clause by looking to the Supreme Court's declarations in *Mathews v. Eldridge*," the *Mathews* factors would not weigh in his favor. Mem. Op., ECF No. 60 at 14 (cleaned up). The *Mathews* factors require a court to weigh "(1) the burdens that a requested procedure would impose on the Government against (2) the private interest at stake, as viewed alongside (3) the risk of an erroneous deprivation of that interest without the procedure and the probable value, if any, of the additional procedural safeguard." *Kaley v. United States*, 571 U.S. 323, 333 (2014) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)) (internal quotations and alterations omitted). The Court found that the first *Mathews* factor weighed against Mr. Sullivan because, though courts have found that the government's interests may be "outweighed by a criminal defendant's interest in obtaining the counsel of his or her choice," *Sunrise Academy v. United States*, 791 F. Supp. 2d 200, 207 (D.D.C. 2011) (citing *United States v. E-Gold, Ltd.*, 521 F.3d 411, 419 (D.C. Cir. 2008)), here, Mr. Sullivan's interest in acquiring access to the seized funds for rent and household necessities was "obviously far less pressing" than a defendant's exercise of his Sixth Amendment right, *see id.* The Court also found that the second factor weighed against Mr. Sullivan because he had not "provided any evidence demonstrating that he [was] unable to pay for rent or other household necessities without the seized assets." Mem.

4

Op., ECF No. 60 at 15. And finally, the Court found that the third factor did not weigh in Mr. Sullivan's favor because "[w]hile there may inevitably be 'some risk' that the 'probable cause finding reached in a non-adversarial context by a magistrate judge' is erroneous, *Sunrise Academy*, 791 F. Supp. 2d at 206; Mr. Sullivan's conclusory allegation that the proceeds of the seized bank account are not the product of the criminal activity alleged in the indictment carries little weight." Mem. Op., ECF No. 60 at 15. Indeed, Mr. Sullivan had "acknowledge[d] that some of [his] assets were obtained from the sale of videotape from January 6, 2021." *Id.* at 16.

Mr. Sullivan filed a motion for reconsideration of the Court's Order and a "supplement" to his initial motion on December 17, 2021. *See* Def.'s Mot., ECF No. 61. The government filed its opposition on January 3, 2022. *See* Gov't's Opp'n, ECF No. 63. The motion is ripe for adjudication.

**II. Legal Standard**

"Although the Federal Rules do not specifically provide for motions for reconsideration in criminal cases, the Supreme Court has recognized, in dicta, the utility of such motions." *United States v. Ferguson*, 574 F. Supp. 2d 111, 113 (D.D.C. 2008) (citing *United States v. Dieter*, 429 U.S. 6, 8 (1976)). Courts in this District have "adopted such a philosophy by regularly entertaining motions for reconsideration in a criminal context,

5

applying the analogous Federal Rules of Civil Procedure." *In re Extradition of Liuksila*, 133 F. Supp. 3d 249, 255 (D.D.C. 2016); *see also United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (listing criminal cases applying standards from Federal Rules of Civil Procedure in reconsideration context).

Motions for reconsideration of interlocutory orders may be granted at any time before the entry of a final judgment "as justice requires." *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015). This "abstract phrase" is generally interpreted "narrowly" to permit reconsideration "only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *King & Spalding LLP v. U.S. Dep't of Health & Hum. Servs.*, 395 F. Supp. 3d 116, 119-20 (D.D.C. 2019); *see also United States v. Sutton*, No. 21-598 (PLF), 2021 WL 5999407, at *2 (D.D.C. Dec. 20, 2021) ("In evaluating what 'justice requires,' the Court considers 'whether it patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or [whether] a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'"). Further, "for justice to require reconsideration, logically, it must be the case that[] some sort of 'injustice'

6

will result if reconsideration is refused. That is, the movant must demonstrate that some harm . . . would flow from a denial of reconsideration." *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005).

"Beyond these circumstances, a motion for reconsideration should not be used as a vehicle for relitigating issues on which the court already ruled because the party disagrees." *United States v. Worrell*, No. 21-cr-292-RCL, 2021 WL 2366934, at *10 (D.D.C. June 9, 2021). Moreover, "[a]rguments that could have been, but were not, raised previously and arguments that the court has already rejected are not appropriately raised in a motion for reconsideration." *United States v. Booker*, 613 F. Supp. 2d 32, 34 (D.D.C. 2009).

### III. Analysis

Mr. Sullivan does not argue that the Court's December 6, 2021 ruling included legal error or that there has been an intervening change in the law. Instead, he offers for the Court's consideration additional facts regarding his financial situation and financial outlook. *See* Def.'s Mot., ECF No. 61. Specifically, Mr. Sullivan's motion for reconsideration includes further details regarding the vehicles he owns; the salary he earned while working for his father in 2021; his monthly rent; the approximate amount of money his parents give him to assist in paying his expenses; the approximate amount of money he has

in his bank accounts; and the current status of his car insurance and health insurance. *Id.* at 3-4, 15-17. In addition, he provided the Court with a notice of eviction he received on November 17, 2021; credit score reports; credit card statements; a declaration from his father including information about Mr. Sullivan's salary and the extent to which he and his wife assist Mr. Sullivan with additional resources; and a declaration from Mr. Sullivan summarizing his monthly expenses. *Id.* at 8-17.

Mr. Sullivan, however, offers no explanation for why he could not have presented these additional facts to the Court prior to the entry of judgment. *See Miller v. Rosenker*, No. 05-2478 (GK), 2008 WL 11403193, at *1 (D.D.C. Sept. 4, 2008) ("A fact is not 'new' simply because the [party] has neglected to use it as the basis for an argument in a previous filing. Rather, to be considered 'new,' a previously unavailable fact must become available."); *Hentif v. Obama*, 883 F. Supp. 2d 97, 100 (D.D.C. 2012) ("Evidence is not 'newly discovered' if a party had the ability to present it to the finder of fact prior to entry of judgment."). Nor does Mr. Sullivan assert that the additional information he wishes the Court to consider was previously unavailable despite the exercise of due diligence. *See Ctr. for Pub. Integrity v. FCC*, 515 F. Supp. 2d 167, 169 n.1 (D.D.C. 2007) ("Plaintiff's failure to investigate a possible argument prior to the judgment does not make the results of its

8

research 'new evidence' . . . ."). Because it is well-established that a party may not use a motion for reconsideration to introduce additional facts not raised prior to the entry of judgment—and because there is no argument that the Court committed error or that there has been a significant change in the law—Mr. Sullivan's arguments are not appropriately before the Court in a motion for reconsideration. *See, e.g.*, *Carter v. Wash. Metro. Area Transit Auth.*, 503 F.3d 143, 145 n.2 (D.C. Cir. 2007) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

Moreover, even if the Court accepted that the additional details constituted new evidence not previously available, Mr. Sullivan's arguments would still fail.

As the government points out, there are multiple inconsistencies or unexplained gaps in the financial information provided. *See* Gov't's Opp'n, ECF No. 63 at 3. For example, it is unclear why Mr. Sullivan reported his monthly expenses to be "$2,000-$2,250" on January 14, 2021, but in his most recent motion for reconsideration, he reports that his monthly household expenses have increased substantially to "$6,018.44." *See id.* (noting that Mr. Sullivan's current expenses are "over

9

three times what he reported upon arrest"); *see also* Def.'s Mot., ECF No. 61 at 16. In addition, Mr. Sullivan's motion for reconsideration excludes, without explanation, sources of income that he had previously reported, such as his Google ad deposits, 401K deposits, and freight broker contracts. *See* Def.'s Mot., ECF No. 61 at 3 (claiming that Mr. Sullivan "has no other sources of income" other than the money he earns while working with his father and the money he borrows from his family); Gov't's Opp'n, ECF No. 63 at 4 (noting the sources of income that have been "dropped" from the motion for reconsideration).

And even assuming that the new information Mr. Sullivan provides in his motion is credible and meets the threshold showing of financial need, thereby addressing the Court's first holding in its December 6, 2021 Memorandum Opinion, the motion for reconsideration still fails address the Court's alternative holding that the *Mathews* balancing test[3] does not weigh in Mr. Sullivan's favor. At most, the details in Mr. Sullivan's motion would impact the Court's analysis of the second *Mathews* factor, which concerns the private interest at stake. However, Mr.

---

[3] As stated in Section II, the *Mathews* factors require a court to weigh "(1) the burdens that a requested procedure would impose on the Government against (2) the private interest at stake, as viewed alongside (3) the risk of an erroneous deprivation of that interest without the procedure and the probable value, if any, of the additional procedural safeguard." *Kaley*, 571 U.S. at 333 (quoting *Mathews*, 424 U.S. at 335) (internal quotations and alterations omitted).

10

Sullivan has not provided any arguments or case law casting doubt on the Court's finding that the first and third *Mathews* factors—the burden on the government and the risk of erroneous deprivation, respectively—weigh against him. Thus, the new information provided in the motion for reconsideration would not change the result of the balancing inquiry.

In view of the above, the Court shall deny Mr. Sullivan's request for a post-deprivation, pretrial hearing to challenge the seizure of his assets. In line with the Federal Rules of Criminal Procedure, Mr. Sullivan's arguments shall therefore be addressed at a post-trial or post-plea hearing. *See United States Bikundi*, 125 F. Supp. 3d 178, 184 (D.D.C. 2015) ("Once the government has obtained a seizure warrant pursuant to 21 U.S.C. § 853(f), the Federal Rules of Criminal Procedure provide for no further inquiry into the property's forfeitability until disposition of the criminal charges on which the forfeiture is predicated." (citing Fed. R. Crim. P. 32.2(b)(1)(A))).

**IV. Conclusion**

For the reasons stated above, the Court **DENIES** Mr. Sullivan's motion for reconsideration. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            August 1, 2022**