UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

    v.                                                                                  Cr. 21-cr-78 (RCL)

**JOHN SULLIVAN**

## MOTION FOR CHANGE OF VENUE

Defendant, by and through undersigned counsel, does hereby seek a change of venue for his upcoming trial. In support thereof, defendant respectfully sets forth as follows:

Defendant was arrested in connection with the events of January 6, 2021 at the United States Capitol. Defendant has been indicted in a Superseding Indictment for the following offenses: Obstruction of an Official Proceeding, 18 U.S.C. Sec. 1512 (c)(2); Civil Disorder, 18 U.S.C. Sec. 231 (a)(3); Entering and Remaining in a Restricted Building, 18 U.S.C. Sec. 1752 (a)(1); Unlawful Possession of a Dangerous Weapon on Capitol Grounds or Buildings, 40 U.S.C. Sec. 5104(e)(1)(A)(i); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, 42 U.S.C. Sec.

1

510,(e)(2)(D);Disorderly Conduct in Capitol Building, 40 U.S.C. Sec. 5104 (e)(2)(G); False Statement or Representation to an Agency of the United States, 18 U.S.C. Sec. 1001(a)(2) and Aiding and Abetting, 18 U.S.C. Sec.2

Defendant's trial is scheduled to commence on October 25, 2023.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to a trial "by an impartial jury of the State and district wherein the crime [was allegedly] committed." The Constitution, Article III, specifies that "such trial shall be held in the State where the said Crimes [were allegedly] committed."

However, "The Constitution's place-of-trial proscriptions do not impede transfer of the proceeding to a different district at the defendant's request if extraordinary local prejudice will prevent a fair trial." See *Skilling v. United States,* 561 U.S. 358, 378 (2010). Venue transfer in federal court is governed by Federal Rule of Criminal Procedure 21,which authorizes transfer upon the defendant's motion for two reasons. (1) prejudice or (2) inconvenience.

Under the plain meaning of Federal Rule of Criminal Procedure 21 (a), the Court "must transfer the proceeding against that defendant to

2

another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and important trial. As a result, a change of venue is necessitated if a trial court "finds an unacceptable level of prejudice [in the transferring district], such as where pervasive pretrial publicity has inflamed the passions in the host community past the breaking point." *United States v. Peake*, 804 F.3d 81,90 (1st Cir. 2015), quotation marks omitted.

Rule 21 (b) provides the trial court with discretion in transferring jurisdiction where the argument is primarily based upon inconvenience.

It is beyond dispute that the events of January 6, 2021 were among the most, if not the most, intensely investigated criminal events in the history of this country. Additionally, the media coverage has been continuous for the past two years and continues to be exhaustive. The trial of each person charged with a criminal offense related to January 6, 2021 has been chronicled in detail in the media.

The intense media coverage of the events of January 6, 2021 at the United States Capitol in the District of Columbia will unquestionably prejudice defendant who has to defend against these charges with only members of the District of Columbia community as his jurors.

In *United States v. Skilling*,561 U.S., 358 (2010), arising out of the Enron insider trading scandal, the Supreme Court analyzed the factors to be considered in assessing whether to grant a request for a venue change based upon prejudicial pretrial publicity. The factors work in defendant's favor in seeking a change of venue.

a. Size and characteristics of the community in which the crime occurred: According to the Census Bureau, the District of Columbia currently has a population of approximately 671,803. In *Skilling*, the Court noted that the trial was held in Houston, Texas, the fourth largest city in the country with a population of more than 4.5 million. Id. 382;

b. News stories about the defendant. It was noted that "news stories about Skilling were not kind, they contained no confession or other blatantly prejudicial information…." Id. The contrast to this case is stark. The extensive media coverage, including the congressional hearings, have been uniformly prejudicial in terms of characterizing the conduct of those charged in the events of January 6, 2021. The police reports of brutality, the suicides after the events of January 6, 2021 and the on-going problems such as PTSB are discussed and reported by the media almost every day. The negative and highly prejudicial media coverage can only serve to

prejudice and demonize defendant.

    c. Lapse between the crime and trial. It was noted that four years elapsed between Enron's bankruptcy and Skilling's trial and "the level of media attention diminished…." Id. 383. The events of January 6th occurred in 2021. Defendant's trial is scheduled to commence 2023. The level of media attention about January 6 has not in manner abated. Every case that is tried is reported in the media and the Congressional inquiry is on-going. Donald Trump, who led the rally that ignited the events at the Capitol, is again running for President of the United States. Not a day goes by where for some reason the local media and the national media report extensively on the events of January 6, 2021.

    d. Skilling's acquittal on multiple counts. The Court took notice that "Skilling's jury acquitted him of nine insider-trading counts." Id. Herein, every January 6, 2021 defendant who went to trial before a jury, almost without exception, has been convicted and each conviction was reported by the media.

In concluding that Skilling was not prejudiced by a denial of the change of venue motion, the Supreme Court held "news stories about Enron, did not present the kind of vivid, unforgettable information we have

recognized as particularly likely to produce prejudice, and Houston's size and diversity diluted the media's impact." Id. 384.

The media coverage of the events of January 6, 2021 does indeed present vivid, unforgettable and highly prejudicial images. There are thousands of hours of videotape, many of which have been displayed by the media on numerous platforms. The intense media attention is inescapable.

Applying the standards articulated in *Skilling* to the facts of this case, it is clear that a change of venue is warranted.

*Shepard v. Max*well is instructive in reviewing how the Supreme Court concluded that a change in venue was necessary in the context of the particular facts of a high-profile trial that had been the subject of massive publicity. *Shepard* involved the murder of a prominent defendant's wife in their home. The case received enormous pre-trial publicity that included media staging areas outside the courthouse and a daily recounting of the proceedings chronicled in newspapers around the country.

Ultimately, the Supreme Court ruled as follows:

> Due process requires that the accused receive a trial by an impartial jury free from outside influences. Given

> the pervasiveness of modern communications and the difficulty of effacing prejudicial publicity from the minds of jurors, the trial courts must take strong measures to ensure that the balance is never weighed against the accused. And appellate tribunals have the duty to make an independent evaluation of the circumstances. Of course, there is nothing that proscribes the press from reporting events that transpire in the courtroom. But where there is a reasonable likelihood the prejudicial news prior to trial will prevent a fair trial, the judge should continue the case until the threat abates, or transfer it to another county not so permeated with publicity.

384 U.S. 333, 362-63 (1964).

Defendant respectfully requests venue in this matter be transferred to the United States District Court in Salt Lake City, Utah. Defendant resides in Salt Lake City, he has witnesses in Salt Lake City and the False Statement Count of the superseding indictment occurred in Salt Lake City.

Defendant further submits that waiting for *voir dire* to be completed in this District before ruling on the Motion for Change of Venue is not consistent with the interests of judicial economy. If a change of venue is be granted, it should be done as soon as possible in order to obtain a new trial date in Salt Lake City and to avoid the costs of selecting a jury in the District of Columbia.

Wherefore, the foregoing considered, defendant prays this Honorable Court for a change of venue and that this matter be tried in the United States

District Court in Salt Lake City, Utah.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington D.C.  20015
(202) 347-0200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via the COURT'S ELECTRONIC FILING SYSTEM, upon all counsel of record on this the ____9__th  day of February, 2023.

_____/s/_____
Steven R. Kiersh