UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:21-cr-78 (RCL) |
| v. | : | |
| | : | |
| JOHN SULLIVAN, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Response in Opposition to Defendant John Sullivan's Motion to Dismiss for Selective Prosecution. ECF No. 89. In support of his selective prosecution assertion, defendant Sullivan, charged with several felony counts, claims "far more serious instances of alleged criminal conduct "occurred on January 6, 2021, which remains unprosecuted. ECF No. 89 at 2. Specifically, Sullivan alleges that government selectively targeted him for prosecution instead of the former President Donald Trump. This ignores the hundreds of defendants charged for their conduct on January 6, 2021. Defendant's selective prosecution claim is also legally flawed as he fails to show how his prosecution improperly motivated and different than those similarly situated.

### I.   ANALYSIS

**A. Legal Framework**

A "presumption of regularity supports … prosecutorial decisions" such that "in the absence of clear and convincing evidence to the contrary, courts presume that [the Attorney General and United States Attorneys] have properly discharged their official duties." *United States v.*

*Armstrong*, 517 U.S. 456, 464 (1996) (internal quotation marks and citations omitted). This presumption exists because "the decision to prosecute is particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607 (1985). "Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis courts are competent to undertake." *Id.*; *see also United States v. Fokker Servs. B.V.*, 818 F.3d 733, 741 (D.C. Cir. 2016) ("[J]udicial authority is … at its most limited when reviewing the Executive's charging determinations" because "the Judiciary … generally is not competent to undertake that sort of inquiry.") (internal quotation marks and citations omitted). The presumption of regularity "also stems from a concern not to unnecessarily impair the performance of a core executive function." *Armstrong*, 517 U.S. at 465.A claim of selective prosecution seeks to rebut this presumption by "assert[ing] that the prosecutor has brought the charge for reasons forbidden by the Constitution," *id*. at 463, "such as race, religion, or other arbitrary classification," *id*. at 464 (citation omitted). That standard requires proof that the prosecution "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Wayte*, 470 U.S. at 608; *see also Armstrong*, 517 U.S. at 465. "[T]he standard is a demanding one." *Armstrong*, 517 U.S. at 463. "[T]he D.C. Circuit has called for a two-pronged showing that: (1) the defendant was 'singled out for prosecution from among others similarly situated' and (2) 'the prosecution was improperly motivated *i.e.*, based on race, religion or another arbitrary classification.'" *United States v. Stone*, 394 F. Supp. 3d 1, 30 (D.D.C. 2019) (quoting *Branch Ministries v. Rossoti*, 211 F.3d 137, 144 (D.C. Cir. 2000)); see also United States v. Irish People, Inc., 684 F.2d 928, 946 (D.C. Cir. 1982). Courts in this district have repeatedly rejected similar selective prosecution allegations advanced by defendants charged with criminal offenses stemming from their conduct on January 6th. *See,*

*e.g.*, *United States v. McHugh*, No. CR 21-453, 2023 WL 2384444 at *13 (D.D.C. Mar. 6, 2023) (Bates, J.); *United States v. Padilla*, No. CR 21-214, 2023 WL 1964214, at *4-6 (D.D.C. Feb. 13, 2023) (Bates, J.); *United States v. Brock*, No. 21-cr-140, 2022 WL 3910549, at *11-12 (D.D.C. Aug. 31, 2022) (Bates, J.); *United States v. Rhodes*, No. 1:22-cr-15, 2022 WL 3042200, at *4-5 (D.D.C. Aug. 2, 2022) (Mehta, J.); *United States v. Judd*, 279 F. Supp. 3d 1, 5-9 (D.D.C. 2021) (McFadden, J.); *United States v. Miller*, No. 1:21-cr-119, Doc. No. 67 (D.D.C. Dec. 21, 2021) (Nichols, J.); *United States v. Griffin*, 549 F. Supp. 3d 49, 58 (D.D.C. July 2, 2021) (McFadden, J.). This motion fares the same.

   B. **Argument**

Sullivan alleges the government selectively targeted him for prosecution based on reasons that are "not yet clear." ECF No. 89 at 5. He contends his prosecution is selective because the government has yet to charge the former President Donald Trump for his conduct on January 6, 2021. *Id*. at 2. This allegation fails to establish selective prosecution and, accordingly, the motion should be denied.

   1. ***Sullivan has not made a colorable showing that the government singled him out for prosecution.***

With respect to *Armstrong*'s first prong, Sullivan must adduce clear *evidence* that "there exist persons who engaged in similar conduct and were not prosecuted." *United States v. Blackley*, 986 F. Supp. 616, 618 (D.D.C. 1997). An individual may be similarly situated if he "committed the same basic crime in substantially the same manner as the defendant—so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan—and against whom the evidence was as strong or stronger than that against the defendant." *Stone*, 394 F. Supp. 3d at 31 (quoting *United States v. Smith*, 231 F.3d 800, 810 (11th Cir. 2000)); *see also United States v. Lewis*, 517

F.3d 20, 27 (1st Cir. 2008) ("A similarly situated offender is one outside the protected class who has committed roughly the same crime under roughly the same circumstances but against whom the law has not been enforced.").

Here, the defendant fails to identify any sufficiently "similarly situated" individual or group of individuals that the government afforded "different treatment." *Armstrong*, 571 U.S. at 470. The defendant's Motion relies almost entirely on an ill-suited comparison of his case, focusing on the head of the federal executive branch. The defendant spends more time focusing on how the two are different than articulating how the two are similarly situated. ECF No. 89 at 4-5. Indeed, the defendant's argument lacks any colorable comparison required by *Armstrong*'s first prong. Rather, he ignores the hundreds of individuals who, just like Sullivan, are charged with entering and remaining in a restricted Capitol building as well as disorderly conduct while on the grounds. Furthermore, a great number of individuals are also charged with civil disorder and obstruction of an official proceeding, just like Sullivan. More specifically, individuals from the same areas of the Capitol breached by Sullivan, and even filmed by Sullivan, are charged in the same manner as Sullivan. *See e.g., United States v. Zachary Alam*, 21-cr-190 (DFL); *United States v. Christopher Grider*, 21-cr-22 (CKK), and *United States v. Alexander Sheppard*, 21-cr-203 (JDB). Accordingly, Sullivan cannot satisfy the first prong.

## 2. *Sullivan has not made a colorable showing that the government harbored an improper motive in prosecuting him*

Nonetheless, even if the Court continues to the second prong of the selective prosecution inquiry, the defendant also has failed to adduce any evidence that improper motives undergird this prosecution. The defendant relies purely on insinuation and inference to support this claim. To succeed on a claim of selective prosecution, "[s]peculation is not enough" to find that the government has acted based on an improper motive. *Miller*, No. 21-cr-119 (CJN) at 3. "[A]

defendant must provide something more than mere speculation or 'personal conclusions'" of selective prosecution. *Stone*, 394 F. Supp. 3d at 31 (quoting *Armstrong*, 517 U.S. at 470). Plainly, the defendant has not done so here as he fails to list even one improper motivator. Instead, Sullivan concedes this point in his in his motion writing, "the specific reasons why John Sullivan was singled out for prosecution. . . is not yet clear." ECF No. 89 at 5. While the exact opposite is true – the defendant is being prosecuted for his aggressive involvement in a riot at the U.S. Capitol during a critical proceeding relevant to our transition of political power – the fact that the defendant cannot imagine a justification for his prosecution is evidence of nothing.

The decision to prosecute the defendant reflects an appropriate exercise of the government's prosecutorial discretion in balancing the seriousness of defendant Sullivan's conduct, the strength of the evidence against him, the need for his rehabilitation, the need to deter him and others from future criminal activity targeting the electoral process, and the allocation of the government's resources. All these factors constitute permissible prosecutorial considerations. *See Price*, 865 F.3d at 681.

**CONCLUSION**

Because the defendant has failed to establish either selective or vindictive prosecution, the Court should deny his motion.

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              United States Attorney
                                              D.C. Bar No. 481052

                      By:     */s/ Rebekah Lederer*
                                              Rebekah Lederer
                                              Pennsylvania Bar No. 320922
                                              Assistant United States Attorney
                                              U.S Attorney's Office for District of Columbia
                                              601 D St. N.W, Washington, DC 20530
                                              (202) 252-7012
                                              rebekah.lederer@usdoj.gov