UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 21-cr-78 (RCL) |
| : | |
| **JOHN EARLE SULLIVAN,** : | |
| : | |
| **Defendant.** : | |

### GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION IN LIMINE TO PRECLUDE IMPROPER STATEMENTS OF DEFENDANT AND TO PRECLUDE FIRST AMENDMENT DEFENSE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to Defendant's opposition filed in ECF No. 98. First, Sullivan argues that the First Amendment protects his prior statements and acts referenced in the government's omnibus motion and 404(b) motion (see ECF No. 88 and 87, respectively). ECF No. 98 at 3-6. Next, Sullivan argues that he should be able to pursue a First Amendment defense. Neither of these arguments are supported by law, and the United States asks that the Court grant the requested relief requested or, if the Court reserves ruling, to consider the below arguments when the relevant issues arise during trial.

I. **Defendant's Statements are Known and Admissible**

Defense claims that the Government has yet to identify any non-custodial statements it intends to introduce at trial. Sullivan has been provided through discovery: open-source videos, his own video from January 6, his own statement to law enforcement, and the evidence outlined the Government's 404(b) notice. The Government addressed any First Amendment concerns regarding statements in its omnibus motion (see ECF No 88 at 7-8) which would satisfy the *Brandenburg* standard reference by Sullivan. ECF No. 98 at 3-4. The government does take this

opportunity to correct the reference to "conspiracy statutes" in ECF No. 88 at 7 and ECF 98 at 1. The line quoted by defense was mistakenly incorporated in ECF No. 88.

### II.  Sullivan Should Be Precluding from Raise a First Amendment Defense

Sullivan additionally argues that "claims he may make proclaiming concerning his attendance at the United States Capitol regarding his journalistic credentials are protected speech" and that his "right to be on the premise of the Capitol is a matter to be left for the jury to decide." ECF No. 98 at 5-6.  Sullivan is free to argue that he did not possess the requisite *intent* to commit any of the crimes with which he is charged because, for example, his sole intention was to film the events of January 6, 2021, as a journalist.[1]  However, those claims do not provide Sullivan with any additional First Amendment protections.  Sullivan—who was not credentialed—had no legal right to enter the restricted area around the Capitol on January 6.  *See Branzburg v. Hayes*, 408 U.S. 665, 683 (1972) ("[T]he publisher of a newspaper has no special immunity from the application of general laws.") (quoting *Associated Press v. NLRB*, 301 U.S. 103, 132 (1937)).  And Sullivan's self-designated title of journalist does not immunize him from criminal prosecution now.  *See id*. at 683   The Government is only seeking that Sullivan be precluded from arguing or alluding that his self-proclaimed journalist status immunizes himself under the First Amendment and, therefore, insulates him from the charged crimes.

### III.  Conclusion

For the foregoing reasons, the government respectfully requests that the Court grant the relief requested in ECF No. 88.

Respectfully submitted,

---

[1] Sullivan's claim highlights the importance of the Government's 404(b) evidence (raised in ECF No. 96) to its case-in-chief.  Sullivan's prior social media posts and engagement in protests and riots prove his true intentions were to obstruct the 2020 Election Certification.

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:    */s/ REBEKAH LEDERER*
        REBEKAH LEDERER
        Pennsylvania Bar No. 320922
        Assistant United States Attorney
        U.S Attorney's Office for District of Columbia
        601 D St. N.W, Washington, DC 20530
        (202) 252-7012
        Rebekah.Lederer@usdoj.gov

        */s/ MICHAEL BARCLAY*
        MICHAEL L. BARCLAY
        Assistant United States Attorney
        N.Y. Bar Reg. No. 5441423
        U.S. Attorney's Office for the District of Columbia
        601 D Street, NW Washington, D.C. 20001
        (202) 252-7669
        Michael.Barclay@usdoj.gov