UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-78 (RCL) |
| | : | |
| JOHN SULLIVAN, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING**

Defendant John Sullivan seeks to re-litigate this Court's determination that he should be detained pending sentencing (ECF No. 128). Because Sullivan still does not (and cannot) show clear and convincing evidence that he is not likely to flee *or* pose a danger to the safety of any other person or the community, this Court should deny his motion.

On November 16, 2023, following a four-day trial, a jury convicted Sullivan of all seven counts on which he was tried.[1] The Government moved to remand Sullivan pending sentencing on the grounds that, in light of the evidence of Sullivan's conduct prior to and on January 6 and the jury's guilty verdict, the defense could not show clear and convincing evidence that Sullivan was not likely to pose a danger to the safety of any other person or the community. This Court granted the Government's motion and remanded the defendant pending sentencing.

Under 18 U.S.C. § 3143(a)(1), the Court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing

---

[1] The jury convicted Sullivan of violating 18 U.S.C. § 1512(c)(2), 18 U.S.C. § 231(a)(3), 18 U.S.C. § 1752(a)(1) and (b)(1)(A), 18 U.S.C. § 1752(a)(2) and (b)(1)(A), 40 U.S.C. § 5104(e)(1)(A)(i), 40 U.S.C. § 5104(e)(2)(D), and 40 U.S.C. § 5104(e)(2)(G).

evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).[2] The presumption following conviction is shifted—"[n]ow the defendant must convince the Court that he is neither a flight risk nor a danger to the safety of others or the community" *United States v. Chansley*, No. 21-CR-3 (RCL), 2021 WL 4133655, at *2 (D.D.C. Sept. 10, 2021). Sullivan's motion is largely addressed to why he is not a flight risk: his history of compliance with pre-trial conditions; his family connections and residence with his parents in Utah; and his willingness to comply with more stringent pre-sentencing conditions. (ECF No. 128 at ¶¶ 2, 4–7). However, Sullivan must also show by clear and convincing evidence that he will not pose a danger to the safety of any other person or the community.[3] Sullivan cannot meet that burden.

The evidence at trial, which a jury found sufficient to convict Sullivan on all counts, proved beyond a reasonable doubt that Sullivan, knowing the Capitol was going to be stormed on January 6, 2021, wore tactical body armor and a gas mask, and carried a retractable knife. Sullivan repeatedly incited rioters—sometimes with a megaphone—and gleefully joined them as they overcame line after line of police officers defending the building. Sullivan was a prominent, vocal, and front-line participant of the mob's destructive path inside the Capitol, leading all the way up

---

[2] Sullivan was not convicted of a crime to which the more stringent standard under 18 U.S.C. § 3143(a)(2) would apply. The Government has not yet calculated Sullivan's guidelines range based on his conviction of all seven counts, but based on earlier calculations on just one of those counts, the applicable Guidelines will certainly be for term of substantial imprisonment.

[3] Given (a) Sullivan's lack of acceptance of responsibility for his crimes, (b) his untruthfulness under oath on the witness stand, and (c) the substantial jail time he now faces as a result of his convictions, the Government disputes that Sullivan has shown clear and convincing evidence that he does not pose a risk of flight, but trains its fire on his dangerousness for purposes of this motion. *Cf. Chansley*, No. 21-CR-3 (RCL), 2021 WL 4133655, at *3 ("[T]he family ties that Chansley does have hardly mitigate his potential flight risk. His mother has repeatedly stated that he has done nothing wrong. . . [T]he Court is also disappointed that Chansley's acceptance of responsibility was not more fulsome").

to the House Main Door and the Speaker's Lobby, feet from where members of Congress and staff were sheltering in place. Sullivan offered up his knife to other rioters as the mob besieged the House Door in an offer to help them do so. Sullivan badgered officers defending the Speaker's Lobby to move out of the mob's path, and, when they did, gleefully encouraged rioters to break down the glass, ultimately resulting in a rioter's death. The jury found that Sullivan took these acts to intentionally obstruct the certification of the 2020 Presidential election—the peaceful transition of power that has proceeded in this country without incident for over two hundred years. Finally, the evidence showed that Sullivan had advocated for violence leading up to January 6, such as encouraging riots in Portland, Oregon on social media, all to advance his goal that was almost realized on January 6: tearing down our system. This all highlights Sullivan's disregard for the law. In light of this overwhelming evidence, Sullivan, both on January 6 and today, posed and poses a clear and unequivocal danger to every person inside the United States Capitol, and to our democracy at large.

      Sullivan's only response is that he "did not make physical contact with any person near or in the United States Capitol on January 6, 2021." (ECF No. 128 at ¶ 3.) Of course, Sullivan was not accused of any assaultive conduct. And, as the caselaw in the pre-trial detention context makes clear, "danger to the safety of any other person or the community" sweeps far more broadly than physical contact. *See, e.g., United States v. Munchel*, 991 F.3d 1273, 1284 (D.C. Cir.), *judgment entered,* 844 F. App'x 373 (D.C. Cir. 2021) ("[T]hose who actually assaulted police officers and broke through windows, doors, and barricades, *and those who aided, conspired with, planned, or coordinated such actions*, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way.") (emphasis added); *United States v. Chrestman*, 525 F. Supp. 3d 14, 27–28, 35 (D.D.C. 2021) (finding that defendant's preparation

for the January 6 attack with an "axe handle, a helmet, a gas mask, and tactical gear," his conduct at the front of the crowd, "toppling police barriers and overwhelming police lines", and his "leader[ship]" and "encourag[ement]" of the gathering mob, all supported a finding of defendant's dangerousness). Sullivan's non-assaultive conduct—inciting of rioters throughout the day, offering up his knife to rioters attempting to break down the House Main Door, and pressing officers defending the Speaker's Lobby to move before encouraging rioters to break down the door—clearly posed a danger to other rioters, law enforcement officers, and everyone else inside the building. *See also United States v. Washington-Bey*, No. 20-MJ-175 (GMH), 2020 WL 5505362, at *3 (D.D.C. Sept. 11, 2020) ("Possessing weapons in or near restricted areas— especially while attempting to enter restricted areas unlawfully—greatly increases the risk of harm to Defendant, to members of the Secret Service, and to others in the immediate area.").

Because John Sullivan cannot show by clear and convincing evidence or otherwise that he is not a danger to the safety of any other person or the community, this Court should deny his motion for his release pending sentence.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:  /s/ Michael L. Barclay
MICHAEL L. BARCLAY
Assistant United States Attorney
N.Y. Bar Reg. No. 5441423
U.S. Attorney's Office for the District of Columbia
601 D Street, NW Washington, D.C. 20001
(202) 252-7669
Michael.Barclay@usdoj.gov

REBEKAH E. LEDERER
Assistant United States Attorney
Bar No. PA 320922
601 D Street, N.W.
Washington, D.C. 20001
(202) 252-7012
Rebekah.Lederer@usdoj.gov