UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 21-cr-78 (RCL) |
| | : | |
| **JOHN EARLE SULLIVAN,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE SENTENCING AND RENEWED MOTION FOR RELEASE PENDING SENTENCING

The United States of America respectfully opposes Defendant John Earle Sullivan's motion to continue his sentencing pending resolution of *Fischer v. United States* and his renewed motion for release pending that sentencing (ECF No. 130). Sullivan's motion is, in effect, a motion to stay his sentencing and to release Sullivan on conditions until at least mid-2024.[1] On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The Supreme Court will consider the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the seven crimes for which the defendant was convicted by a jury in November 2023. This development does not merit a continuance of the sentencing hearing scheduled for March 21, 2024.[2] Nor does it require the Court to reconsider its two previous orders under the Bail Reform Act that Sullivan should be detained pending that sentencing.

---

[1] Defendant styles the relief as a motion to continue the sentencing; however, the motion is properly considered as a motion to stay the proceedings. It is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. Accordingly, the stoppage of all proceedings for upwards of three months is not a continuance; it is a stay of the proceedings pending the appeal.

[2] At least two other courts in this District have denied similar motions, both in cases involving multiple felony convictions. *See* Minute Order dated 12/15/23, *United States v. Sara*

I.  **Background and Procedural History**

As this Court is aware, this is not Sullivan's first attempt to delay justice. On November 16, 2023, a jury convicted Sullivan of all seven charges on which he was tried.[3] The same day, the Court granted the Government's oral motion to remand Sullivan pending sentence under 18 U.S.C. § 3143(a)(1). On November 28, 2023, Sullivan filed a motion for release pending sentence—in effect, a first motion to reconsider the Court's November 16 ruling detaining Sullivan. (ECF No. 128.) The Government opposed the motion on the grounds that Sullivan could not show that he is not likely to flee or pose a danger to the safety of any other person or the community, as 18 U.S.C. § 3143(a)(1) requires. (ECF No. 129.) On December 13, 2023, the Court denied Sullivan's motion, adopting the reasoning set forth in the Government's opposition brief and noting that "Mr. Sullivan's written motion has not raised new grounds for release." Min. Order dated 12/13/23. On December 22, 2023, the Court's deputy scheduled Sullivan's sentencing for March 21, 2024. On December 28, 2023, Sullivan filed the instant motion, which seeks to

---

*Carpenter*, 21-cr-305-JEB (D.D.C) ("Defendant's sentence is not heavily dependent on her conviction under Section 1512(c)(2)"); Minute Order dated 12/28/23, *United States v. Gilbert Fonticoba*, 21-cr-638-TJK (D.D.C.) (noting defendant's separate conviction under 18 U.S.C. § 213(a)(3)). On the other side of the ledger, in *United States v. Thomas Caldwell*, Judge Mehta appears to have converted the defendant's sentencing date to a status conference following motions practice. *See* Minute Order dated 12/18/23, 22-cr-15-APM (D.D.C). And in *United States v. Ethan Seitz*, Judge Friedrich granted defendant's motion to stay sentencing pending *Fischer*. Minute Order dated 12/22/23, 21-cr-279-DLF (D.D.C.). Unlike Seitz, however, Sullivan was convicted of multiple felony counts besides 18 U.S.C. § 1512(c)(2).

[3] Count One: 18 U.S.C. § 1512(c)(2), 2 (Obstruction of Official Proceedings); Count Two: 18 U.S.C. § 231(a)(3) (Obstructing Officers During a Civil Disorder); Count Three: 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Entering or Remaining in a Restricted Building or Grounds with a Dangerous Weapon); Count Four: 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Disorderly or Disruptive Conduct in a Restricted Building with a Dangerous Weapon); Count Five: 40 U.S.C. § 5104(e)(1)(A)(i) (Unlawful Possession of a Dangerous Weapon on Capitol Grounds or Buildings); Count Six: 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building); and Count Seven: 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).

continue that sentencing in light of the Supreme Court's grant of certiorari in *Fischer* and renews his motion for release pending sentence—the second bite at the same apple.

## II.     Legal Standard

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are allowed in criminal cases. *United States v. Jones*, 916 F. Supp. 2d 83, 86 (D.D.C. 2013). This is because courts should have the opportunity "to correct their own alleged errors." *Id.* (quoting *United States v. Dieter*, 429 U.S. 6, 8 (1976)). Nonetheless, courts have applied an "as justice requires" standard to motions for reconsideration of interlocutory orders. *United States v. Hong Vo*, 978 F. Supp. 2d 41, 47 (D.D.C. 2013). "Reconsideration may be warranted under this standard when, within the court's discretion, the court has 'patently misunderstood the parties, made a decision beyond the adversarial issues presented, or made an error in failing to consider controlling decisions or data, or where a controlling or significant

3

change in the law has occurred.'" *United States v. Worrell*, No. 1:21-CR-00292-RCL, 2021 WL 2366934, at *10 (D.D.C. June 9, 2021) (quoting *Hong Vo*, 978 F. Supp. 2d at 47), *appeal dismissed*, No. 21-3040, 2021 WL 4765445 (D.C. Cir. Sept. 15, 2021). "Beyond these circumstances, a motion for reconsideration should not be used as a vehicle for relitigating issues on which the court already ruled because the party disagrees." *Id.*; *see also id.* (considering and rejecting a motion to reconsider interlocutory pretrial detention order under both the relevant provisions of the Bail Reform Act and "as justice requires" standard).

### III. Argument

#### a. Motion to Continue Sentencing

The defendant's motion to continue his sentencing should be denied because the relevant stay factors weigh against his request.

First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Moreover, one Circuit judge has explained how, even were the Supreme Court to reverse the Court of Appeals in *Fischer*,

defendants who obstructed the certification would still be convicted. *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) (Millet, J., concurring). Were every criminal case stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt. *Fischer* and other cases challenging the application of 18 U.S.C. § 1512(c)(2) have been pending for some time, and such developments did not previously merit a broad stay. Nothing has changed by virtue of the Supreme Court's decision to grant certiorari in *Fischer*.

It is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the commission of the offenses on which the defendant was convicted and seven months after his conviction at trial. Delaying the sentencing for another three months or more would undermine the interests of the public in the timely adjudication of a case of great significance. Additionally, a further lengthy delay of sentencing for the defendant would also afford him an unfair advantage not granted to other similar January 6 defendants, many of whom were also convicted of obstruction of Congress and whose Sentencing Guidelines calculations and sentences were heavily influenced by the fact that they were convicted of that offense.

Second, the defendant will not suffer any irreparable injury by proceeding with sentencing as scheduled in March. Even were the Supreme Court to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate the defendant's conviction in this case. And even if it did, the appropriate venue for challenging such a sentence would be a post-sentencing appeal, and not a motion to set aside the verdict. Indeed, a motion for a new trial under Federal Rule of Criminal Procedure 33 would be untimely, as more than 14 days have passed since the verdict in this case, and changes in the law

5

do not constitute newly discovered evidence for purposes of Rule 33(b)(1)'s three-year timing requirement. *See, e.g.*, *United States v. King*, 735 F.3d 1098, 1108-09 (9th Cir. 2013) ("As we held in *United States v. Shelton*, 459 F.2d 1005 (9th Cir. 1972), a change in the law does not constitute newly discovered evidence for purposes of Rule 33."); *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence."); *United States v. Bailey*, 37 F.3d 1501, (7th Cir. 1994) ("A new legal theory does not qualify as newly discovered evidence under Rule 33. . . . We dismiss Bailey's claim as untimely because it does not qualify as newly discovered evidence and it was filed more than seven [now 14] days after his verdict."); *United States v. Blake*, No. 10 CR 349(RPP), 2011 WL 3463030, at *5 (S.D.N.Y. Aug. 5, 2011) ("New legal arguments are not considered newly discovered evidence under Rule 33. . . . Therefore, according to Rule 33, such claims must be brought within fourteen days after the verdict."). Defendant "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully reviewable on appeal should the defendant be convicted." *United States v. Cisneros*, 169 F.3d 763, 768-69 (D.C. Cir. 1999).

Moreover, obstruction of Congress was not the defendant's only conviction. The defendant will also be sentenced for six other crimes outside the scope of the *Fischer* appeal. Assuming that the Court denies a motion for bail pending appeal, the defendant would have only served approximately six months of time before the Supreme Court's expected decision in mid to late June. Even if the Supreme Court issues an adverse ruling to the government's position, and Sullivan were to be sentenced on the remaining offenses, he faces a statutory maximum of up to

ten years' imprisonment on his weapons convictions (18 U.S.C. §§ 1752(a)(1) and (2), (b)(1)(A)).[4] Accordingly, it is unlikely that Sullivan would have served his full sentence on his non-§ 1512 convictions by mid-June. And if it does somehow happen that Sullivan serves his full sentence on the remaining counts of conviction before the Supreme Court resolves *Fischer*, Sullivan could move for release pending appeal at that point under 18 U.S.C. § 3143(b). *See, e.g., United States v. Donovan Crowl,* 21-cr-28 (APM) Dec. 20, 2023 Minute Order (denying motion to stay sentencing pending ruling in *Fischer* and noting that defendant also set to be sentenced for violation of 18 U.S.C. § 231(a)(3)).

For all these reasons, the defendant's motion to stay for three months or more should be denied, and the Court should proceed with sentencing on March 21, 2024.

   b. **Renewed Motion for Release**

Sullivan's renewed motion for release pending the *Fischer* decision also fails for a simple reason: it is not a cognizable ground for release under the provision governing release pending sentencing, 18 U.S.C. § 3143(a)(1).[5] As previously noted, the only issues on a 18 U.S.C. § 3143(a)(1) motion for release pending sentence are whether the defendant has shown clear and convincing evidence that he is neither a flight risk nor a danger to the safety of others or the community. As this Court has now twice found, Sullivan has not and cannot make that showing.

Rather, Sullivan can raise any potential injury posed by the *Fischer* appeal <u>after</u> he is sentenced, via a motion for release pending appeal under 18 U.S.C. § 3143(b). Under that statute,

---

[4] The Government has not yet calculated Sullivan's Guidelines range.

[5] Under 18 U.S.C. § 3143(a)(1), the Court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."

a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

 (1) "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
 (2) that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam). The Government will likely oppose such a motion; indeed, this Court has already twice concluded that Sullivan cannot show clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released.[6] But Sullivan's instant motion for release pending sentencing is based on 18 U.S.C. § 3143(a)(1), which contains no analogous "substantial question" provision. Accordingly, the Supreme Court's granting of certiorari in *Fischer* is not a cognizable ground to release Sullivan pending sentence under 18 U.S.C. § 3143(a)(1).

Sullivan's motion says nothing about why the original Court's risk of flight and dangerous analysis are incorrect given the Supreme Court's grant of certiorari. Indeed, the facts bearing on Sullivan's dangerousness remain exactly the same. *See* ECF No. 129 at 2–5 (describing the evidence of dangerousness shown at trial). And, for many of the same reasons a stay is not warranted, Sullivan still presents a flight risk—the certiorari grant says nothing about the merits of Sullivan's 1512 conviction, and Sullivan faces significant potential time even on the non-1512

---

[6] Nonetheless, as noted above, the availability of a motion for release pending appeal to redress any irreparable injury is another factor favoring denial of his motion to stay.

counts. *See* ECF No. 129 at 2 n.2. Instead, Sullivan's motion repeats the same assertions about Sullivan's family ties and pretrial compliance that this Court has already considered and rejected. *Compare* ECF Nos. 130 and 128.

Because Sullivan does not make any new, cognizable arguments for his release pending sentence under the Bail Reform Act or otherwise, the Court should again decline to revisit its order detaining Sullivan pending sentencing.

### IV. Conclusion

For the foregoing reasons, this Court should deny Sullivan's motion to continue the March 21, 2024 sentencing and his renewed motion for release pending sentencing. (ECF No. 130.)

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Michael L. Barclay*
MICHAEL L. BARCLAY
Assistant United States Attorney
N.Y. Bar Reg. No. 5441423
U.S. Attorney's Office for the District of Columbia
601 D Street, NW Washington, D.C. 20001
(202) 252-7669
Michael.Barclay@usdoj.gov

REBEKAH E. LEDERER
Assistant United States Attorney
Bar No. PA 320922
601 D Street, N.W.
Washington, D.C. 20001
(202) 252-7012
Rebekah.Lederer@usdoj.gov