## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

**v.**

**JOHN EARLE SULLIVAN,**

*Defendant.*

Case No. 1:21-cr-78-1-RCL

## ORDER

Mr. Sullivan moved this Court to reconsider its previous orders detaining Mr. Sullivan pending sentencing and to stay his sentencing date pending the Supreme Court's decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023). ECF No. 130. The government opposed. ECF No. 132. Mr. Sullivan did not reply and his motion is now ripe. Upon consideration of the parties' filings, the applicable law, and the entire record, it is hereby **ORDERED** that Mr. Sullivan's motion [130] is **DENIED**.

The Court will not reconsider its previous orders detaining Mr. Sullivan pending sentencing. Minute Entries of Nov. 16, 2023, and Dec. 13, 2023. Mr. Sullivan has not shown that this Court "patently misunderstood the parties, made a decision beyond the adversarial issues presented, or made an error in failing to consider controlling decisions or data." *United States v. Worrell*, No. 21-cr-292 (RCL), 2021 WL 2366934, at *10 (D.D.C. June 9, 2021). And because the Supreme Court's decision to grant certiorari in *Fischer* does not provide a statutory basis for release pending sentencing, it does not constitute "a controlling or significant change in the law." *Id.*; *see* 18 U.S.C. § 3143(a)(1) (requiring detention pending sentencing "unless the judicial officers finds by clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to the safety of any other person or the community").

Additionally, the Court will not stay Mr. Sullivan's sentencing date pending the Supreme Court's decision in *Fischer*. The Court must consider four factors when deciding whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "When the defendant is the government, factors (3) and (4) merge." *Zukerman v. U.S. Postal Serv.*, 64 F.4th 1354, 1364 (D.C. Cir. 2023) (citing *Nken*, 556 U.S. at 435).

*First*, Mr. Sullivan has not demonstrated that he is likely to succeed on the merits of any challenge to his conviction under Section 1512(c)(2). The D.C. Circuit has twice upheld application of Section 1512(c)(2) to conduct like Mr. Sullivan's. *See United States v. Robertson*, 86 F.4th 355, 375 (D.C. Cir. 2023) (reaffirming *Fischer*'s holding). Although the Supreme Court's decision to grant certiorari shows that *Fischer* raises an important question, it does not establish that Mr. Sullivan is likely to succeed on the merits. *See Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by [defendant] has any merit, only that it is an important question."). For example, the Supreme Court may wish to clarify the *Fischer* majority's "fractured" holding, rather than reject it outright. *United States v. Carnell*, No. 23-cr-139 (BAH), ECF No. 75 at 4 (D.D.C. Jan. 4, 2024).

*Second*, Mr. Sullivan will not be irreparably injured absent a stay. To show irreparable harm, Mr. Sullivan must demonstrate that he faces injury "both certain and great" and "actual and not theoretical." *Wis. Gas Co. v. Fed. Energy Reg. Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). Mr. Sullivan cannot make this showing in part because the proper venue for challenging his conviction under Section 1512(c)(2) is on direct appeal after final judgment; imposing sentence

will hasten Mr. Sullivan's ability to appeal. *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). Further, Mr. Sullivan was convicted of other felony offenses—including 18 U.S.C. § 231(a)(3) and 18 U.S.C. § 1752(a)(1) and (2), (b)(1)(A)—which will likely result in a term of imprisonment exceeding the time it will take the Supreme Court to render its decision in *Fischer*. If Mr. Sullivan "serves his full sentence on the remaining counts of conviction before the Supreme Court resolves *Fischer*, [he] could move for release pending appeal at that point under 18 U.S.C. § 3143(b)." Gov't Opp'n, ECF No. 132 at 7. In other words, going forward with sentencing will not foreclose Mr. Sullivan from obtaining the benefit of a favorable decision in *Fischer* later.

*Third*, the public interest favors imposing a sentence for Mr. Sullivan's three-year-old conduct rather than delaying sentencing by several more months. *See Khadr v. United States*, 529 F.3d 1112, 1117 (D.C. Cir. 2008) ("[I]n criminal cases[,] 'encouragement of delay is fatal to the vindication of the criminal law.'" (quoting *United States v. MacDonald*, 435 U.S. 850, 854 (1978))). The public interest also counsels against giving Mr. Sullivan an advantage not granted to other January 6 defendants who were convicted of violating Section 1512(c)(2) but sentenced to terms of imprisonment before the Supreme Court granted certiorari in *Fischer*.

For all these reasons, Mr. Sullivan's motion [130] is **DENIED** and he will be sentenced on March 21, 2024.

**SO ORDERED.**

Date: January 18, 2024

Royce C. Lamberth
United States District Judge