UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.                              Case No.: 21-cr-78 (EGS)

JOHN SULLIVAN

**DEFENDANT'S NOTICE OF OBJECTIONS TO THE PRESENTENCE REPORT DUE TO MATERIAL/FACTUAL INACCURACIES IN THE PSR**

Defendant John Sullivan, by and through undersigned counsel, does note the following material/factual inaccuracies in the in the PSR.

Pages 14-15,  Paragraph 69. **Specific Offense Characteristics**. USSG Section 2J1.2(b)(1)(B).The PSR assigns an 8 point increase because the "offense involved causing or threatening physical injury to a person in order to obstruct the administration of justice."
Objection:  In *United States v. Seefried,* Judge McFadden of this Court addressed the legal issue of whether electoral certification on January 6, 2021 involved the "administration of justice."  Judge McFadden noted that "The answer determines whether significant sentencing enhancements may apply to convictions under 18 U.S.C. Section 1512(c) for obstruction of

1

an official proceeding. In the Court's view, the answer is no." 639 F. Supp 3d 8. (D.D.C. 2022).

In concluding that the subject enhancement did not apply, Judge McFadden reasoned that, "For there are many "official proceedings" that involve the official application of force to decide legal rights, like a trial. But the key here is that the electoral certification is not one such proceeding. It does not qualify for these enhancements because it involves no judicial or quasi-judicial application of force to decide or maintain rights" Id. 18.

John Sullivan has been convicted of violating 18 U.S.C. Section 1512 (c) and the PSR seeks the full 8 level enhancement for the Specific Offense Characteristic as the offense purportedly involved the "administration of justice." Defendant submits that his conduct did not involve the "administration of justice" and the 8 level enhancement should not apply. Page 15: **Specific Offense Characteristic**. 2J1.2(b)(2). The PSR assigns a three-point enhancement as the offense resulted in substantial interference with the administration of justice. "In this case, the official proceeding of Congress' Joint Session, which was required by the Constitution and federal statute, had to be halted while legislators were physically evacuated for their own safety.

Objection: On March 1, 2024, the United States Court of Appeals for the District of Columbia Circuit, in *United States v. Brock*, No. 23-3045, considered the trial court's application of a three-level sentencing enhancement to a 1512(c)(2) conviction on grounds that the conduct resulted in the "substantial interference with the administration of justice."

The *Brock* court held the enhancement did not apply.

> Because Section 2J1.2's text, commentary and context establish that the "administration of justice" does not extend to Congress's counting and certification of Electoral college votes, the district court erred in applying Section 2J1.2(b)(2)'s three-level enhancement to Brock's Section 1512 (c)(2) conviction.

ECF Document #20430212, 36.

Page 15. **Adjustment for Obstruction of Justice**. The PSR seeks a two-point enhancement because he called for violence and riots on social media. Defendant notes that in addition to earlier objections to the "administration of justice", Commentary Note 2 to USSG Section 3C1.1, states that "This provision is not intended to punish a defendant for the exercise of a constitutional right." Defendant was exercising his constitutional rights of freedom of speech and freedom of assembly on January 6, 2021 and that the Commentary to Section 3C1.1 specifically states that "not all inaccurate testimony or statements necessarily reflect will attempt to obstruct justice."

Objection: Defendant reposted tweets that were on his social media account. Defendant was not calling for violence.

Page 3, **Identifying Data.** Defendant's address is listed as 213 Civic Center Drive #169, Sandy Utah 84070.

Objection: Defendant's current residential address is 1221 West Erda Way, Erda, Utah 84017. Defendant resides at this address with his parents.

Page 5, Paragraph 8. The PSR indicates defendant had money in the amount of $89,875.00 in a JP Morgan bank account.

Objection: Defendant had only approximately $64,000.00 in the JP Morgan account.

Page 9, paragraph 28. The PSR states, "Defendant Sullivan posted videos and photographs that depicted how to dress for and participate in riots."

Objection: Defendant reposted videos on how to participate in "protests" nor riots. The videos were not created by him.

Page 9, Paragraphs 29, 30 and 31. The PSR states that defendant published on Twitter asking others to counter-protest and stating "Fuck the System-Time to Burn it all Down."

Objection: Defendant reposted videos on how to counter-protest and riot. The videos were not created by him and the language used in the Twitter was not created by defendant.

Page 16, Paragraph 83. The charges listed are Criminal Mischief, Threat of Violence and Riot Bodily Injury or Property Damage. The charges were dismissed by the Provo, Utah Police Department.

Objection. Defendant believes he was only charged with rioting.

Respectfully submitted,

_____/s/_____

Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, on this the \_\_\_\_\_5th\_\_\_day of March, 2023 upon all counsel of record.

_____/s/_____
Steven R. Kiersh

5